MAUNEY BROS. v. L. H. LONG and another

*Nonsuit.*

A nonsuit cannot be entered after judgment.

CIVIL ACTION, tried at Fall Term, 1883, of CLEVELAND Superior Court, before *Gilmer, J.*

This action was commenced before a justice of the peace and carried by the defendant's appeal to the superior court. A jury trial was waived, and the judge found the facts as follows:

The action was brought upon a sealed note given by the defendant Long to one Cornwall for a mule which Cornwall had sold to Long. Cornwall assigned the note to plaintiffs, and the suit was brought against both Long and Cornwall.

On the trial before the justice of the peace in October, 1882, the defendant Long pleaded a former judgment and a counter-claim for deficiency in the eyes of the mule.

. To sustain the defence of former judgment, he offered in evidence the docket of the justice of the peace who tried an action between the same parties upon this identical note in August, 1882, from which it appeared that service of the summons had been accepted by Long, and, upon Cornwall's refusing to accept service, the summons was served on him by an officer.

On the return of the summons, the defendant Long pleaded a counter-claim for damages resulting from a deficiency in the eyes of the mule. The case was tried in August, 1882, and the counter-claim was allowed, and judgment rendered in favor of the plaintiffs against Long, the principal in the note for $25.40, with interest, and against Cornwall, the surety, for $76.20, and interest. Cornwall thereupon gave notice of an appeal, but never perfected it.

Not long after the rendition of this judgment, the plaintiffs informed Long that they intended to enter a nonsuit, to which the defendants who were both present made no objection; and thereupon the plaintiffs directed the justice of the peace to enter a nonsuit, and in accordance therewith he made the following entry upon his docket: "Plaintiff Mauney pays costs and orders suit stopped. September 21, 1882."

In October thereafter the plaintiffs brought this action upon the note on which the judgment had been rendered in August.

His Honor, being of opinion that these facts did not have the effect to set aside or annul the judgment rendered in August, held that the plea of former judgment was good, and adjudged that plaintiffs' action be dismissed and the defendants go without day. From this judgment the plaintiffs appealed.

No counsel for plaintiffs.
*Messrs. Gidney & Weeb* and *Hoke & Hoke,* for defendants.

ASHE, J. The principle is so well settled and so familiar to the profession, that a nonsuit cannot be entered after judgment, we deem it useless to cite any authority on the subject. There is no error. The judgment of the superior court is affirmed.

No error.                                    Affirmed.