### HERBERT *v.* LAWRENCE.

(*Common Pleas of New York City and County, Special Term.* October, 1891.)

OPENING DEFAULT—WITHDRAWAL OF ANSWER—UNAUTHORIZED ACT OF ATTORNEY.
   Where defendant's attorney withdraws the answer, without the knowledge of defendant, because his retainer has not been paid, and judgment by default is thereupon entered, and plaintiff has not in the mean time lost any witness, defendant will be permitted to come in and defend the action; the judgment being allowed to stand as security. *Denton* v. *Noyes,* 6 Johns. 296, followed.[1]

Action by Wilfrid L. Herbert against Bryan Lawrence. Defendant moves to vacate a judgment entered by default on May 7, 1877. Motion granted.
   *Zabdiel S. Sampson,* for plaintiff.    *Albert H. Atterbury,* for defendant.

BOOKSTAVER, J. This action was commenced to recover damages for an alleged assault committed on the 28th of August, 1874. The action was commenced on or about the 12th day of May, 1876, by the service of a summons

[1] As to relief from unauthorized act of attorney, see Milbank v. Jones, (Super. Ct.) 17 N. Y. Supp. 464.

and complaint upon the defendant. As appears from the papers, under the direction of his father he took these to Mr. Horatio F. Averill, who, on the 31st of May, 1876, interposed an answer. No retainer was paid to Mr. Averill at that time or at any subsequent time, although he frequently wrote to the defendant for the same, and finally notified him that, unless such retainer was paid by a certain time, he would withdraw the answer. On behalf of defendant it is claimed that none of these letters ever reached him, having been sent to him at his father's address, and he, on account of differences between himself and his father, having left his father's house, and subsequently gone to Augusta, Ga., where he has ever since resided. The answer was withdrawn on the 11th of December, 1876, and on the 7th of May, 1877, judgment was entered on an assessment of damages by a sheriff's jury, as on a default. It is this judgment which the defendant now seeks to set aside. The defendant claims that Mr. Averill had no power or authority to withdraw the answer, and to allow judgment to go as by default. As a general rule, where an attorney appears for a client in an action, he thereby undertakes the conduct of it to its termination, (*Harris* v. *Osbourne*, 2 Car. & M. 629; *Rothery* v. *Munnings*, 1 Barn. & Adol. 17,) and he is not at liberty to abandon it without reasonable cause and reasonable notice, (*Nicholls* v. *Wilson*, 11 Mees. & W. 106, Law J. 12 Exch. 266.) But the attorney may give such notice for any reasonable cause, as the want of funds, etc. *Mordecai* v. *Solomon*, Sayers, 173; *Menzies* v. *Rodrigues*, 1 Price, 92. In this case Mr. Averill undoubtedly had a right, under the circumstances, to withdraw from the action, but whether he had a right to withdraw the answer is another question. In respect to this, the general rule is that an attorney has plenary power in conducting a suit, and can bind his client, in spite of contrary instructions from him. His power in this respect, however, I think is limited to those acts which conduce, or tend to conduce, to the success of his client. The withdrawal of the answer in effect amounted to a confession of judgment, or at least to a confession that there was no defense to the action, and left it to a sheriff's jury to assess the damages. In *Denton* v. *Noyes*, 6 Johns. 296, an attorney appeared and confessed judgment against the defendant without authority. The court (Chief Justice KENT presiding) opened the default, but allowed the judgment to stand as security. One judge dissented, on the ground that the judgment should be set aside *in toto*. This case decides—*First*, that an attorney has no power to confess judgment without authority, although the judgment so confessed is not irregular; and, *second*, that such a judgment will be opened upon a proper application, without any regard to the client's remedy against his attorney. This doctrine has recently been affirmed by the court of appeals, although it intimates that the judgment in the case of *Denton* v. *Noyes* should have been vacated. *Vilas* v. *Railroad Co.*, 123 N. Y. 440, 457, 25 N. E. Rep. 941. In *Campbell* v. *Bristol*, 19 Wend. 101, it was decided that, if the attorney was insolvent, the judgment would be absolutely vacated. In this case, Mr. Averill has been dead for years and his estate settled, and the remedy of the defendant, if any, would be very difficult of realization. It also appears from the affidavits submitted in this case that, although the cause of action arose more than 15 years ago, the plaintiff in this case has not been deprived of any witness he might have had at the time the default was taken, inasmuch as he himself testifies that there was no one present at the time of the assault except friends of the defendant; consequently he would have been his only witness, and he is still alive and able to appear in court. The affidavits presented on behalf of the defendant convince me that, since his residence in Augusta, Ga., the defendant has maintained a good character for truth and veracity, and I am therefore compelled to believe him when he says that he has had no notice whatever of the entry of judgment in this action. At the same time it seems to me that he has neglected this case, and omitted to do what a prudent man,

knowing the circumstances, would have done, in making ·no inquiry as to whether a judgment had been obtained against him, and I am therefore in- · clined to follow the course pursued in *Denton* v. *Noyes, supra,* by allowing the defendant to come in and defend this action upon the payment of plaintiff's taxable costs, and allowing the judgment to stand as security. Motion granted, with $10 costs to the plaintiff.