## Todd v. Todd.

In January, 1893, the defendant failing to answer the complaint, a judgment was rendered in favor of plaintiff. In June the defendant made a motion to vacate and set aside the said judgment, which motion was taken under advisement by the court. On September 30th, the court, upon motion of the plaintiff, entered a judgment dismissing the action; and on December 26th the court granted the motion of defendant made in June, and set aside and vacated the January judgment, and in its order directed that the same be entered as of date of September 18th. *Held,* that the judgment dismissing the action was inoperative when made, but took effect upon the entry of the nunc pro tunc order of December 26th, and that the order of December 26th was a legal and valid order, and must be held as made on September 18th, prior to the dismissal of the action.

(Syllabus by the Court. Opinion filed June 15, 1895.)

Appeal from circuit court, Union county. Hon. E. G. Smith, Judge.

Action for divorce. From an order setting aside a default decree for plaintiff, the latter appeals. Affirmed.

The facts are stated in the opinion.

*E. C. Ericson* and *Winsor & Kittredge,* for appellant.

Where a judgment of dismissal is made improperly, the remedy of the opposite party is by appeal from that judgment. Higgins v. Mahoney, 50 Cal. 444; Pinkney v. Hagaman, 4 Lancing 474; Harris v. Clark, 10 How. Prac. 415.

*D. E, Powers,* (*Walter C. Fawcett,* of counsel) for respondent.

A "*nunc pro tunc*" order is admissible when the delay has arisen from the act of the court, and such order should be granted or refused as justice may require in view of the circumstances of the particular case. Gray v. Brignardello, 1 Wallace 627; Mitchell v. Overman, 103 U. S. 65; Bank v. Weisiger, 2 Pet. 481; Clay v. Smith, 3 Pet. 411; Cambell v. Miser, 4 Johns. (N. Y.) Ch, 342; Broom v. Ditmas, 5 Paige 528.

Corson, P. J. This is an appeal from an order bearing date December 26, 1893, vacating and setting aside a judgment and de-

cree of divorce, and requiring the plaintiff to pay $150 as counsel fees and temporary alimony. In January, 1893, the court rendered a judgment in favor of the plaintiff, granting him a divorce from the defendant, the defendant not having appeared in the action. In June following, the defendant made a motion, upon affidavits filed and served, to vacate and set aside this judgment, and for leave to serve and file an answer, and for an order requiring the plaintiff to pay to defendant $150 as counsel fees and temporary alimony. On June 29th this motion was argued, and taken under advisement by the court. On September 30th the plaintiff moved the court to dismiss the action, which motion was granted, and thereupon the court rendered the following judgment: "The foregoing motion coming on to be heard, it is now, on motion of E. C. Ericson, attorney for the plaintiff, ordered that said action be, and the same is hereby, dismissed without prejudice. Done at Elk Point, S. D., Sept. 30, 1893." On December 26th the court made an order vacating and setting aside the judgment of divorce entered in January, 1893, granting defendant leave to serve and file an answer, and requiring the plaintiff to pay $150 as counsel fees and temporary alimony. This order contained the following *nunc pro tunc* clause: "This order having been made on the 18th day of September, 1893, but not drawn out at that time in form, it is ordered that the same be entered *nunc pro tunc* as of that date." It will thus be seen that the judgment of divorce was entered in January, the judgment dismissing the action entered on September 30th, and the order disposing of the motion made in June was made on December 26th, in which was the clause directing that it should be entered as June 18th of the same year.

The learned counsel for the appellant contends that the order of December 26, from which this appeal was taken, was void, for the reason that, as the action was dismissed on September 30, there was no action pending in which the order could be made, and consequently the court had no jurisdiction to make the order while the judgment of dismissal was in full force, and not vacated or set aside. The learned counsel for the respondent con-

tends that the judgment dismissing the action on September 30 was a nullity, as the court does not possess the power to dismiss an action after a judgment has been rendered therein, upon motion of a plaintiff while such judgment is in full force and effect, and not set aside or vacated, and that the court was therefore justified, in treating the judgment of dismissal of September 30 as a nullity, and in making the order of December 26. They further contend that the order of December 26, by reason of the *nunc pro tunc* clause therein, is to be regarded and read as made September 18, twelve days prior to the date of the judgment of dismissal, and was therefore made while the court had jurisdiction over the case.

If, as contended by counsel for appellant, the judgment dismissing the action rendered on September 30th was within the power of the court to render, then it is quite clear that the court did not have jurisdiction to make the order of December 26th, as the court can make no order in an action after its dismissal while the judgment of dismissal remains in force and effect, except to vacate and set aside the judgment of dismissal and orders relating thereto. Greely v. Winsor, 3 S. D. 138, 52 N. W. 674; Rudolph v. Herman (S. D.) 56 N. W. 122. But we are of the opinion that the judgment of dismissal entered on plaintiff's motion while the judgment of divorce was in full force, neither vacated, set aside, nor reversed, was absolutely void, unless rendered valid by respondent's *nunc pro tunc* order of December 26th, of which we shall speak hereafter. No decision has been called to our attention holding that a court has power to enter a judgment of dismissal in an action after a judgment has been rendered and entered therein, without first vacating and setting aside the judgment in some legal and proper manner, and we think no such case can be found. After a judgment has been rendered in an action, and while such judgment remains in full force and effect, a court does not possess the power to dismiss the action. Until the judgment therein is vacated and set aside in some legal and proper manner, a judgment dismissing the action is not only irregular, but necessarily void, as the cause of action is merged in the judgment, and the

action is terminated. To concede the court the power to dismiss the action after judgment is rendered and entered, upon the plaintiff's motion, while such judgment is in full force, not vacated, set aside or reversed, would be conceding to the court a power not vested in it by the statute or the common law. Very serious consequences might result from the exercise of such power. Suppose, in the case at bar, the defendant had contracted a second marriage after the rendition of the judgment of divorce, and before the dismissal of the action, what would have been her position after the judgment of dismissal of the action on September 30th? The fact that she did in this case make a motion to vacate and set aside the judgment is not material to the question we are discussing, as the question here is one of power.

It may be said the court possess the power to set aside and vacate a judgment, and that, after the judgment is vacated and set aside, the plaintiff may, ordinarily, on motion, dismiss the action when no counterclaim or other defense is interposed, that would render such a dismissal improper. But the judgment can only be vacated and set aside upon an application, ordinarily of the defendant, made upon sufficient and legal grounds. If vacated in any case upon motion of the plaintiff, it can only be done upon like legal and sufficient grounds. The contention here is, however, that the court upon motion of the plaintiff, without any showing, legal or otherwise, may annul the judgment by allowing the plaintiff to dismiss the action. This, certainly, a court cannot do. We do not deem it necessary in the view we take of the case, to pursue this discussion further, as the *nunc pro tunc* clause in the order of December 26, in our opinion, renders the judgment of dismissal valid. If that order is to be regarded and read as made September 18, then, when the plaintiff's judgment of dismissal was entered, the judgment of divorce had been vacated and set aside, and there had been no defense interposed that prevented a judgment of dismissal. The effect of the *nunc pro tunc* clause in the order of December 26 was to vacate and set aside the judgment of divorce as of date of September 18, and consequently the judgment

of dismissal of the action on September 30 was rendered legal and valid. If the *nunc pro tunc* clause had the effect of making the order setting aside the judgment as of date of September 18 as recited in the order—and we think it did,—then the judgment of dismissal must be regarded as rendered subsequently to the order vacating and setting aside the judgment of divorce rendered in January. The power of a court to make a *nunc pro tunc* order seems to be well settled. The rule applicable to such orders is thus stated by the supreme court of the United States in Mitchell v. Overman, 103 U. S. 62: "The adjudged cases are very numerous in which have been considered the circumstances under which courts may properly enter a judgment or a decree as of a date anterior to that on which it was in fact rendered. It is unnecessary to present an analysis of them, some of which are cited in a note to this opinion. We content ourselves with saying that the rule established by the general concurrence of the American and English courts is that where the delay in rendering a judgment or a decree arises from the act of the court,—that is, where the delay has been caused either for its convenience, or by the multiplicity or press of business, either the intricacy of the questions involved, or of other cause not attributable to the laches of the parties,—the judgment or the decree may be entered, respectively, as of a time when it should or might have been entered up. In such cases, upon the maxim '*actus curiae neminem gravabit*,'—which has been well said to be founded in right and good common sense, and to afford a safe and certain guide for the administration of justice,— it is the duty of the court to see that the parties shall not suffer by the delay. A *nunc pro tunc* order should be granted or refused, as justice may require, in view of the circumstances of the particular case." Gray v. Brignardello, 1 Wall. 636; Insurance Co. v. Boon, 95 U. S. 117.

The effect of the judgment of dismissal was to render inoperative all unexecuted interlocutory orders previously made in the action, but it did not affect the validity of such orders, did not reach back and invalidate an order which was valid when made,

The order appealed from, though bearing date of December 26th, having been in fact actually made, as recited in the order, on September 18th, was made while the court had jurisdiction, and was a valid and binding order; and, as we have said, the subsequent dismissal of the action did not affect its validity as an order when made,—that is, the court had jurisdiction to make it on September 18th, and, so far as the record discloses, the court properly exercised the power vested in it on making the order; and the fact that on the entry of the judgment of dismissal, on September 30th, it ceased to be available as an order, cannot affect this appeal. For the purpose of determining as to the validity or invalidity of the order appealed from, we must regard the order of December 26th as made September 18th, 12 days prior to the dismissal of the action. The order, therefore, having in fact been made, though not reduced to writing by the court until December 26, on September 18th, was valid; and it follows that the order appealed from must be affirmed, and it is so ordered.