SILVER PEAK GOLD MIN. CO. v. HARRIS.

(Circuit Court, D. Nevada. April 28, 1902.)

No. 710.

1. NEW TRIAL—MISTAKE, INADVERTENCE, OR SURPRISE.
    A motion to vacate a judgment rendered in the absence of defendant and his counsel, and to grant a new trial on the ground of mistake,

¶ 1. See Appeal and Error, vol. 2, Cent. Dig. §§ 590, 591, vol. 3, §§ 3878, 3879; Judgment, vol. 30, Cent. Dig. §§ 265, 673.

inadvertence, and surprise, is addressed to the sound, legal discretion of the court.

**2. SAME—SHOWING OF DILIGENCE.**

A defendant who, with knowledge of the day on which his cause is set for trial, fails to appear in person, or to subpœna witnesses, or make any preparation for trial, is guilty of laches, which must be excused before he is entitled to ask that a judgment rendered against him shall be set aside on the ground of mistake or surprise because his counsel did not appear, and it is not excused merely by the fact that he had employed counsel to represent him, and especially when it was an express condition of their employment that they should be paid a retainer before the trial, and it was not paid.

**8. ATTORNEY AND CLIENT—DUTY OF ATTORNEY—FAILURE OF CLIENT TO PAY RETAINER.**

An attorney, who has appeared and filed an answer for a defendant with the express agreement that he will not try the case unless a retainer agreed upon is paid before the time for trial, has the right to withdraw from the case or to fail to appear at the trial if it is not paid.

**4. NEW TRIAL—MISTAKE, INADVERTENCE, OR SURPRISE—AFFIDAVIT OF MERITS.**

An affidavit of merits on an application by a defendant to set aside a judgment and grant a new trial on the ground of mistake, inadvertence, or surprise should show affirmatively that defendant believes his defense to the action to be good, and such belief should be founded on knowledge, and not on information only.

On Motion to Vacate Judgment.

D. Leishman and N. A. Hummel, for the motion.

M. A. Murphy, opposed.

HAWLEY, District Judge (orally).   This is a motion to set aside and vacate the judgment heretofore rendered herein upon the ground of mistake, inadvertence, and surprise.   The case was regularly placed on the calendar, and was set for trial on the 9th day of December, 1901, of which the defendant had due notice.   He failed to appear.   A continuance was asked for on his behalf, as hereinafter stated.   It was refused, and the plaintiff proceeded to introduce its proofs, and, after hearing, judgment was duly entered in favor of plaintiff.

Motions of this character are usually heard upon ex parte affidavits offered in support of the motion, and when this is the case—as it was here—the authorities hold they should be carefully scrutinized.   15 Enc. Pl. & Prac, 281, and authorities there cited.   Such motions are always addressed to the sound, legal discretion of the court, to be exercised in conformity with law, reason, and justice.   The affidavit of defendant in support of the motion states that:

"Said judgment was obtained by a misrepresentation of facts. * * * That the defendant employed Thomas Wren and Oscar Smith, attorneys of this honorable court, to appear for him, and conduct the management of the defense in this cause.   That the defendant used all diligence at his command to protect his interests, and fully believed that they would be sufficiently protected by the employment of his said attorneys.   That on December 7, 1901, Mr. Oscar Smith wrote to him a letter, in which he said: 'I have to say that Mr. Wren is either in Sacramento or San Francisco,— I do not know which; nor do I know when he will return.   I have telephoned Judge Murphy, at Carson, asking him to stipulate for a continuance for thirty days, but he refused on the ground that he has five witnesses en route.   I have decided to go to Carson Monday, and, stating the circumstances to Judge Hawley, ask him to grant a continuance.   I will do my best to secure a continuance. * * * If I fail to secure a continuance, I

suppose a default will be taken against you, as I am not prepared with nor for a defense, even if I were disposed to conduct the same.' * * * That no motion for a continuance was prepared or properly presented to this honorable court, and no affidavit upon which to support said motion was filed herein. That defendant had good reason to believe, and did believe, that his interest would be protected by his said attorneys, and relied upon them and their fidelity in his cause."

In so far as it is intimated that this court must have been misled by remarks made by counsel on the motion for a continuance as shown by the reporter's notes, which constitute a part of the record herein, it is wholly without merit. The court refused the continuance not so much upon the grounds of objection urged thereto by plaintiff's counsel—although many of the facts were within the knowledge of the court—as upon the weakness of the defendant's own showing. In fact, the defendant made no showing. The request for a continuance came second-hand from counsel, who had filed an answer on behalf of defendant. The defendant was himself guilty of laches and negligence in failing to appear personally in court in order to ascertain whether his counsel were present, especially if it be true, as claimed by plaintiff's counsel, that they simply consented to draw an answer for the defendant, and stated they would not appear at the trial unless he kept his promise to pay them a retainer. He does not show that he had subpœnaed any witnesses on his behalf, or made any preparation to make any defense, or that he had any defense to the action. If counsel had been present to represent him, they would have been powerless in the premises. With knowledge of all the facts, he ought not to be permitted to say that he was misled or deceived by his counsel, or that he was surprised upon hearing that a judgment had been entered against him. If he had employed counsel upon the express condition herein suggested, and failed to keep his promise, then no blame can be attached to them. It was his own neglect, and not the neglect of the attorneys. Attorneys who accept employment on the statement that their fee must be paid in advance of the time when the case is set for trial have a right to withdraw from the case, or fail to appear therein, if their fees are not paid. I do not wish, however, to be understood as approving their action in making such a conditional arrangement with this defendant. They should have demanded a retainer in advance, "as an evidence of good faith," before they filed the answer. But, if they had accepted a retainer, they should have stayed with him to the end. It was argued by counsel that the attorneys could not, in either event, have withdrawn from the case, or failed to appear. The authority cited by them does not go to that extent. It simply reaches the proposition that attorneys situated as they were could not withdraw the answer they had filed in his behalf. Herbert v. Lawrence (Com. Pl.) 18 N. Y. Supp. 95. In that case the court said:

"The defendant claims that Mr. Averill had no power or authority to withdraw the answer, and to allow judgment to go as by default. As a general rule, where an attorney appears for a client in an action, he thereby undertakes the conduct of it to its termination (Harris v. Osbourn, 2 Cromp. & M. 629; Rothery v. Munnings, 1 Barn. & Adol. 17), and he is not at liberty to abandon it without reasonable cause and reasonable notice (Nicholls v. Wilson, 11 Mees. & W. 106, 12 Law J. Exch. 266). But the attorney may give such notice for any reasonable cause. * * * In this case Mr.

Averill undoubtedly had a right, under the circumstances, to withdraw from the action; but whether he had a right to withdraw the answer is another question."

—And then goes on to state that an attorney, having filed an answer, had no right to withdraw it without the consent of the defendant. The rule applicable to this question is thus stated in 3 Am. & Eng. Enc. Law, 316, 317, as follows:

"The relation of attorney and client commences from the date of the employment of the attorney; that is, from the time when the agreement or contract by which the attorney is retained is consummated. * * * But there must be an actual contract or agreement, whether express or implied. The mere fact that one has acted as attorney for another does not, alone and of itself, create the relation, although it may afford a very strong presumption of it."

The views already expressed are conclusive of the case; but I am also of opinion that the affidavits herein filed as to the merits are wholly insufficient. It should always affirmatively appear that defendant believes his defense to be good, and such belief ought to be founded on knowledge, not information. 1 Enc. Pl. & Prac. 365, and authorities there cited. "The form of the affidavits of merit usually required to be made by a defendant, and which should generally be strictly followed, is 'that defendant has fully and fairly stated the case to his counsel, and that he has a good and substantial defense upon the merits in the action, as he is advised by his said counsel and verily believes.' Every part of this form is material, and any departure from it should be avoided." 1 Enc. Pl. & Prac. 360. The affidavit of N. A. Hummel, of counsel herein, does not of itself march up to the requirements of the law.

The motion is denied.