## ADAM OFFENSTEIN, Appellant, v. AUGUST GEHNER.

### Division Two, November 23, 1909.

1. **TRUSTEE: Presumption.** The presumption is that the trustee in a deed of trust acted in good faith, and applied the trust moneys according to the trust contract, and the burden is on the parties who charge him with misapplying or holding back a part of the funds to establish that fact.

2. ————: **Accounting: Pleading.** Where the trustee in his answer to the mortgagor's petition charging that he had held back moneys received by him at the sale in excess of the debt and costs, alleges that he sold the premises in pursuance to his powers as trustee and states the amount received from each piece of property, and then sets forth a full itemized account of the debt, interest and taxes paid, and strikes a balance showing a part of the principal debt secured by the deed of trust is unpaid, this is not a plea of payment, but an accounting, and plaintiff's course is to surcharge and falsify the items of the account, and failing to do so and no evidence being offered the judgment should be for the trustee.

3. ————: **Pleading: No Evidence: Payment: Judgment.** Plaintiff alleged that he conveyed to defendant in trust certain lots to secure notes amounting to $15,000, and that defendant subsequently sold the lots for $25,000, leaving a balance, after paying the notes and interest, of $5,000, which defendant refused to turn over. Defendant answered by general denial, and by special plea, setting up the terms of the deed of trust, charging that thereby plaintiff agreed to pay the interest and taxes, but had failed to do so, and thereupon he had sold the property, and after applying the money to payment of taxes and costs and the balance on the debt, there remained $2,000 of the principal debt unpaid, and stating in detail the items of an account

showing said unpaid balance.  Plaintiff's reply was a general denial.  He offered no evidence, and neither did defendant.  *Held*, That defendant did not stand in the relation of an ordinary debtor to plaintiff, and the disbursements as pleaded did not amount to a plea of payment and the burden was not upon him to prove the correctness of his account, but he stood in the relation of trustee to plaintiff and the holders of the note, and having pleaded his account the burden was on plaintiff to surcharge and falsify its items, and the judgment was properly for plaintiff.

4. **NONSUIT.**  Plaintiff cannot complain that he was not permitted to take a nonsuit, if he had ample opportunity to take a nonsuit before judgment was rendered against him, and made no request to be allowed to do so.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Henry B. Davis* for appellant.

If the property was conveyed to defendant for sale, and if defendant sold and received the proceeds, then it is his duty to account therefor.  It is sufficient for plaintiff in the first instance to show these facts, and thereupon the burden of proof falls on defendant to make good his accounting and discharge himself of the obligation which the law imposes on him in such a case.  No authority is required for the proposition that the burden of proof is on him who alleges payment. Plaintiff, at the trial, submitted the case on his part, upon the ground that the answer admitted all that it was necessary for him to show in the first instance, and we submit that he was right.  It is certainly true that the affirmative allegations of defendant's answer, necessarily and without doubt, admit every allegation of plaintiff's petition necessary to give plaintiff a good cause of action in the first instance.  In effect, the answer sets up the conveyance of the property to defendant by plaintiff, that defendant sold the property and received the proceeds, amounting to thirty-two thou-

sand dollars, and pleads the proper expenditure thereof. In effect, payment is pleaded by defendant. The burden of proof is on defendant to make his answer good. The answer pleads expenditure for costs of sale, for trustee's commissions, for payment of notes, for sprinkling taxes, for right-of-way, for general taxes, and defendant seeks credit for a large amount of money which he claims was expended for sewer bills. Certainly, it was defendant's duty to show: First, that he actually made these expenditures; second, that the amounts paid were reasonable; and, third, that they were legal payments and such as would in law discharge him from his obligation to plaintiff. The court cannot assume that any of these alleged payments or expenditures were reasonable or proper, without proof to that effect.

*Kehr & Fittmann* for respondent.

(1) The petition states no cause of action. Upon the facts recited, neither assumpsit nor debt will lie, and hence no cause of action at law is stated. Upon the facts attempted to be stated, the only remedy is in equity to compel the trustee to account, if no account, after demand, has been rendered, or to surcharge and falsify the account if rendered. Flint on Trusts and Trustees, sec. 322; 27 Am. and Eng. Ency. Law (1 Ed.), p. 293; Cearnes v. Irving, 31 Vt. 604; Smith v. Smith, 88 Cal. 577; Garner v. Reis, 25 Minn. 475; Lycan v. Miller, 56 Mo. App. l. c. 82. (2) The answer was a general denial. The burden of proof therefore was on the plaintiff. R. S. 1899, sec. 604. (3) The presumption is that the trustee has discharged his duty. If his conduct is sought to be impeached, it must be by bill specifically charging his misconduct and upon that the plaintiff has the burden of proof.

GANTT, P. J.—This is an action in two counts, in the first of which plaintiff states that by his deed of

trust of the 22nd of July 1896, he conveyed certain real estate in the city of St. Louis to the defendant, Gehner, in trust, to sell the property and pay to the holder or holders of certain notes the sum of $15,000, with interest and costs of sale; that Gehner subsequently sold the property for $25,000, "Leaving after the payment of said notes in said deed of trust and the costs of sale, a balance of $5,000, which defendant has declined and refused to pay although demanded." The second count alleged that on the 4th of August, 1897, plaintiff conveyed to the defendant in trust for plaintiff and others, a large tract of real estate in the city of St. Louis; that said conveyance was made to said defendant for the purpose of selling said property and paying certain notes in said deed of trust described, amount not stated; that defendant in June, 1904, sold the property for $7,700, paid the notes in the deed of trust described, and costs of sale, amount not stated, leaving a balance of $5,000 in his hands, which he neglects and refuses to pay plaintiff, although demanded.

The answer was a general denial of each and every allegation in the petition and the two counts thereof. As a further defense defendant alleges that the deed of trust executed by the plaintiff and his wife, dated the 22nd of July, 1896, was in trust to secure the payment of a principal note for $15,000 and six interest notes for $450 each, with a covenant therein on the part of the mortgagor to cause all taxes and assessments, general and special, to be paid whenever imposed upon the property, and that all sums, with interest, which the trustee or the holder of the notes should expend to protect the title or possession of the premises should likewise be secured by the deed of trust; that subsequently the plaintiff and his wife executed a second deed of trust on the property to secure a principal note of $10,000 and interest; that plaintiff made default in the payment of the notes secured by the said

deeds of trust, allowed the taxes, general and special, to become delinquent, and judgments to be rendered thereon; that for the protection of the title, the holder of the notes advanced the money to pay the taxes, liens and judgments and that sale was made under the first deed of trust according to its terms. The trustee then sets forth an itemized account charging himself with the amounts realized for the property and taking credit for the payments made under the terms of the deed of trust; each item of credit being set forth in detail, and showing as the result of the account, that more than $2,000 of the debt secured by the deeds of trust remained unpaid, and is still due the creditors by the plaintiff.

In his reply the plaintiff did not surcharge and falsify a single item of the account so set forth, but made a general denial. The cause was referred and when called for a hearing before the referee, the plaintiff declined to introduce any evidence. Whereupon the defendant also submitted the case upon the pleadings and asked for judgment in his favor.

The referee made the following report and judgment: "There being an utter failure to offer any evidence whatever of the matters, or any part thereof, set out in the petition, and there being no allegations in the answer which can be construed or tortured into an admission upon which the plaintiff would be entitled to judgment, and inasmuch as all matters alleged in the petition are met with a general denial in the answer, there is in the judgment of the referee but one finding that can be made, and that is, that judgment be entered in favor of the defendant and the costs awarded against plaintiff."

The plaintiff filed exceptions in the circuit court to the report of the referee, but the court overruled his exceptions, confirmed the report and rendered judgment for the defendant. In his motion for new trial, the plaintiff does not specifically refer to his excep-

tions to the referee's report, nor does he assign the overruling of his exceptions as a ground for new trial. He does assign that the judgment "is against the pleadings in the case" and against the law. The plaintiff appeals.

I. The only ground upon which the plaintiff seeks to reverse the judgment of the circuit court is his assumption that the defendant stood in the relation of an ordinary debtor to him, and that the disbursements by the defendant as pleaded in his answer amounted to a plea of payment and therefore the burden was on the defendant to prove the correctness of his account as trustee in the first instance. We think the circuit court unquestionably was right. As meager as the plaintiff's petition is, it discloses that the defendant stood in the relation of trustee to the plaintiff and the holders of the notes secured by the two deeds of trust. The petition did not set out the terms of the trust, did not show the amount of the debt, interest and costs, and furnished no substantial basis upon which to determine a surplus. But the defendant in his answer set forth the full purport of the two deeds of trust, the property, the amount of the debt, the interest and the covenant on the part of the plaintiff that if the holder or holders of the notes or the defendant or his successor in said trust should pay out moneys to protect the title to the said premises, then all such moneys should be secured by the deeds of trust. The defendant then showed that there had been a default in the payment of the notes and interest and a request upon the part of the holder that defendant should sell the said property to satisfy the said notes, interest and charges, and that he did sell the said premises in pursuance of his powers as trustee, stating the amount received for each piece of property, and then set forth a full itemized account of the debt, interest and tax charges, both general and special, and struck a balance, from which

it appeared that after applying the proceeds, there was still $2,000 unpaid upon the principal note secured by the second deed of trust. The contention of the plaintiff is and was that this was a plea of payment. We do not so understand the law. We think it was an accounting by a trustee, and that plaintiff's remedy, if any, against the defendant, was to surcharge and falsify the items of the account thus rendered, and that the burden was upon him to establish a breach of the trust on the part of the defendant. The presumption is that the trustee has acted in good faith, and has done his duty and the burden is on the plaintiff to allege and prove the contrary.

In 27 Amer. and Eng. Ency. Law (1 Ed.), 293, it is said: "In drawing a bill against the trustee, the pleader must bear in mind that there is a presumption that the trustee has performed his full duty, and he must set forth specifically all facts necessary to rebut this presumption."

We think that the plaintiff had the laboring oar and that when he failed to offer any evidence to substantiate the allegations of his petition, the referee correctly held that he had failed to make his case, and therefore found against him. And we think the circuit court properly confirmed the report of the referee, and that plaintiff has no cause to complain whatever.

The contention that the plaintiff should have been allowed to take a nonsuit is without merit, as the plaintiff had ample time to take a nonsuit before the final judgment was rendered against him, but made no request to be allowed to do so.

The judgment of the circuit court is therefore affirmed.

*Burgess* and *Fox, JJ.,* concur.