JOHN MOUGEY, Appellant, v. HUGH MILLER and M. J. Cooney, Jr., Copartners as Miller & Cooney, Respondents.

(169 N. W. 735.)

**Judgment — setting aside — motion for — unsupported by affidavit of merits — no proposed verified answer — no fraud shown — discretion of court — abuse of, in making order setting aside judgment.**

Where a motion is made to set aside and vacate a judgment and such motion is not based upon an affidavit of merits, and there is no proposed verified answer, and there is no fraud in the procuring of the judgment, it is clear abuse of discretion of the trial court to grant such motion setting aside and vacating the judgment.

Opinion filed November 29, 1918.

Appeal from the District Court of Ransom County, North Dakota, Honorable *Frank P. Allen,* Judge.

Reversed.

*E. T. Burke,* for appellant.

*C. G. Bangert,* for respondents.

GRACE, J. Appeal from the district court of Ransom county, North Dakota, Honorable Frank P. Allen, Judge.

This is an appeal from an order vacating a default judgment entered August 21, 1917, for $1,431.50. Mougey brought an action against Miller and Cooney, copartners doing business under the firm name and style of Miller & Cooney, and, in the complaint, states a cause of action upon two notes as follows: "That on or about the 5th day of November, 1916, defendants made, executed, and delivered to plaintiff its promissory note, in writing, dated on or about said date in the sum of $270, payable upon demand with interest at 10 per cent per annum; that the same has not been paid nor has any part thereof, but the defendants remain indebted to plaintiff in said sum and interest thereon. That on or about the 4th day of February, 1917, the defendants made, executed, and delivered to one Michael Cooney, Sr., their certain promissory note, in writing, whereby they promise to pay to him the sum of $1,100 upon demand, with interest after date at the rate of 8 per cent per annum; that the said note has

41 N. D.—6.

not been paid nor has any part thereof; that on or about the 12th day of April, 1917, and before the commencement of this action, the said Michael Cooney, Sr., for a valuable consideration, assigned, sold, and delivered to this plaintiff the said note, and that plaintiff thereupon became, and still is, the owner and holder thereof."

The notes offered in evidence were: a note of $250, dated November 6, 1916, signed by M. J. Cooney, Hugh Miller, and J. A. Mougey, and a note signed by M. J. Cooney, and containing the following indorsement on the back thereof: "M. Cooney, Sr., to John Mougey, April 12, 1917."

The smaller note set forth in the complaint is claimed to have been executed and delivered by the defendants to the plaintiff, whereas the note in evidence was signed by M. J. Cooney, Hugh Miller, and J. A. Mougey, and also bears a different date from the $270 note in the complaint. The complaint also alleges that the defendants executed and delivered to Michael Cooney, Sr., the $1,100 note. On the $1,100 note offered in evidence there is a signature of no maker except that of M. J. Cooney. The complaint further, in effect, alleges that the smaller note of $270 was executed and delivered by the defendants to plaintiff while the smaller note offered in evidence is a note executed by M. J. Cooney, Hugh Miller, and J. A. Mougey to the Farmers State Bank of Sheldon, and contains no indorsement.

There appears to be much discrepancy between the notes offered in evidence and those described in the complaint; conceding there is, the notes offered in evidence, though they did not correspond in many respects with those described in the complaint, were received in evidence by the court. There is nothing in this record sufficient to show any fraud in offering, as evidence, the $250 note and the $1,100 note which are part of the record; nor is there anything in the record sufficient to show that the court vacated the judgment because of any fraud practised upon it. There is nothing in the record, so far as we can determine, sufficient to show that the judgment was obtained by fraud or collusion or that the court was in any manner imposed upon. It is certain in cases where the court is deceived, and collusion and fraud is practised so that the court ordered a judgment while laboring under the deception and fraud practised in the procuring of the order of the court and the judgment, that it has inherent power to

vacate and set aside such collusive and fraudulent judgment, notwithstanding that more than one year has elapsed since the entry. Williams v. Fairmont School Dist. 21 N. D. 198, 129 N. W. 1027.

In this case, as we view it, from the record there is no showing of fraud or collusion in procuring the judgment, nor that the court was in any way deceived or fraud practised upon it. This being true, the court abused its discretion in setting aside and vacating the judgment in question, unless the defendant has brought himself within the terms of § 7483, Compiled Laws 1913, part of which is as follows: "The court may likewise, in its discretion and upon such terms as may be just . . . at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding."

What then should the defendant have done to have brought himself within this statute? The proper procedure to obtain relief from a default judgment is by motion to vacate the judgment, based on affidavit of merits, and a proposed verified answer. Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228. In the case at bar, defendants have neither an affidavit of merits nor a proposed answer. They have entirely failed to comply with requirements necessary and indispensable in a motion to vacate a judgment. This being true, the trial court should have denied their motion to vacate the judgment, and, under the circumstances in this case, its failure to do so is a clear abuse of discretion.

Nothing in this decision is to be understood as preventing the trial court of its own motion, if it deems it was deceived or imposed upon at the time of the procurement of the judgment, in making another order vacating the judgment, wherein it will appear on the records of the trial court that it was so imposed upon and deceived. We have hereinbefore pointed out in this opinion that a judgment may be vacated even after the expiration of one year, where it is made to appear that the trial court was imposed upon or deceived at the time of the entry of such judgment.

The order of the trial court vacating the judgment is reversed and the judgment vacated is reinstated. Appellant is allowed his statutory costs on appeal.

ROBINSON, J. (dissenting). In this action on August 21st, 1917, a default judgment was entered that the plaintiff recover from Hugh Miller and Michael J. Cooney, copartners doing business under the firm name of Miller & Cooney, the sum of $1,431.50. The judgment was on a promissory note dated November 2, 1916, by M. J. Cooney and Hugh Miller and John Mougey to the Farmers State Bank of Sheldon for $250 and interest payable on demand. This note bears no indorsement, and it is not the note described in the complaint.

The other note is dated February 4, 1917, made by M. J. Cooney to M. Cooney, Sr., for $1,100 and interest on demand. It is indorsed thus: M. Cooney, Sr., to John Mougey, April 12, 1917. This is not the note described in the complaint. It describes a note made by the defendants, and not by Cooney. The judgment was entered on an admission of service by M. J. Cooney, who made the note to his father.

A motion to vacate the judgment is dated April 15, 1918, and on June 1st, 1918, the court made an order that the judgment be in all things vacated, set aside, and annulled. On July 1, 1918, the plaintiff appealed from the order, assigning error "that the facts before the court conclusively show that the plaintiff was entitled to the judgment, and the failure of one of the defendants to sign one of the notes does not warrant an order vacating the judgment." But the judgment was against the defendants as partners, and the notes show no partnership liability, and the note to the State Bank of Sheldon is not indorsed to the plaintiff or to any person. Manifestly, the appeal has no merit, and the wonder is that any attorney should ever take such a judgment or take an appeal from an order vacating it or try to bolster up the judgment by a statement of facts not in the judgment roll.

On the judgment roll and the promissory notes, the judgment does appear as an imposition on the court, and as such it was entirely proper for the court to set it aside, even on its own motion.