(November 23, 1920.)

SUSIE ARMSTRONG, Appellant, v. HARTFORD FIRE INSURANCE COMPANY, Respondent.

[195 Pac. 301.]

JUDGMENT—DEFAULT—SETTING ASIDE—DISCRETION—ABUSE OF.

1. Where the showing fails to present any fact which can appeal to the discretion of the court, it is an abuse of the trial court's discretion, and is error to vacate a judgment and set aside a default.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action to recover on a policy of fire insurance. Default judgment for plaintiff. Appeal from order vacating the judgment and setting aside the default. *Reversed.*

Edens & Anderson, for Appellant.

The court abused its discretion and erred in holding a sufficient showing had been made to set aside the default and judgment. (*Heaton v. Peterson,* 6 Ind. App. 1, 31 N. E. 1133; *Hittle v. Zeimer,* 164 Ill. 64, 45 N. E. 419; *H. C. Herbst Importing Co. v. Hogan,* 16 Mont. 384, 41 Pac. 135.) Press of business is no reason to set aside a default. (*Bonnifield v. Thorp,* 71 Fed. 924; *Bowen v. Webb,* 34 Mont. 61, 85 Pac. 739; *Holloway v. Holloway,* 97 Mo. 628, 10 Am. St. 339, 11 S. W. 233; *Cresswell v. White,* 3 Ind. App. 306, 29 N. E. 612.)

The fact that counsel did not make a notation on his calendar or made the wrong notation will not suffice. (*Valley State Bank v. Post Falls L. & W. Co.,* 29 Ida. 587, 161 Pac. 242.)

In vacating a default the matter rests in the discretion of the lower court, but such discretion is a sound legal one, and not a personal or mental discretion to be exercised *ex gratia.* (*Bailey v. Taaffe,* 29 Cal. 422; *Nuestel v. Spokane Int. Ry. Co.,* 27 Ida. 367, 149 Pac. 462.)

White & Bentley and H. B. Thompson, for Respondent.

Where a judgment has been entered by default and a timely application is made to set aside the default and permit an answer to the merits to be filed, and such answer discloses upon its face a meritorious defense, as a general rule if there be any reasonable doubt on the matter, it will be resolved in favor of granting the application and allowing a trial upon the merits, and on an appeal from an order

granting such an application every reasonable presumption will be indulged in support of the order opening default and allowing a trial on the merits. (*Humphreys v. Idaho Gold Mines Dev. Co.*, 21 Ida. 126, 120 Pac. 823, 40 L. R. A., N. S., 817; *Pease v. Kootenai County*, 7 Ida. 731, 65 Pac. 432; *Pittock v. Buck*, 15 Ida. 47, 96 Pac. 212.)

An order setting aside a default judgment under the statute authorizing the court to relieve a party from a judgment or order taken against him through his mistake, inadvertence, surprise or excusable neglect will not be disturbed, unless it clearly appears that the trial judge has abused his discretion. (*Porter v. Bryson*, 35 Cal. App. 688, 170 Pac. 1068; *Nicoll v. Weldon*, 130 Cal. 666, 63 Pac. 63; *Harn v. Boyd* (Okl.), 170 Pac. 505; *Buell v. Emerich*, 85 Cal. 116, 24 Pac. 644.)

BUDGE, J.—On March 18, 1918, appellant filed her complaint against respondent to recover on a policy of insurance the sum of $2,336.90 and accrued interest. Summons was served on respondent the twenty-second day of March, 1918. A demurrer was interposed to the complaint and on the twenty-sixth day of April, 1918, was sustained and the complaint was amended and respondent given twenty days to answer. On the seventeenth day of May, 1918, respondent was given ten days' additional time or until May 27, 1918, to answer. No answer having been filed within this time, the clerk's default was entered on the twenty-eighth day of May, 1918, and judgment entered for $2,389.61. On May 31, 1918, respondent filed its motion to vacate the judgment and set aside the default. Two affidavits made by Finis Bentley, one of the respondent's attorneys, were filed in support of the motion. The first affidavit recites that on the seventeenth day of May, 1918, affiant received from McCrea, an attorney of Salt Lake City, Utah, also one of respondent's attorneys, an answer to the complaint and a letter asking that a ten day extension be obtained in order that he might redraft the answer; that affiant obtained the extension, notified McCrea, and expected to hear from him with a re-

drafted answer. He did not make a notation on his calendar for the reason that he expected upon the receipt of the redrafted answer to file it. That he instructed McCrea that a copy of the redrafted answer be mailed to Edens & Anderson, attorneys for appellant, and supposed that this had been done. That he did not file the original answer, expecting to hear from McCrea, but received no redraft of the answer from him, and through inadvertence neglected to file the original answer on the twenty-seventh day of May, 1918, fixed in the order extending time to file the answer. That affiant was busy in Red Cross work on the latter date, made a trip to Blackfoot in the interest of the Red Cross and neglected through inadvertence to file the answer. The second affidavit recites:

"That his wife is now and since the twentieth day of May, 1918, has been confined to St. Anthony's Hospital in Pocatello and was obliged to undergo two severe operations; that in addition she was suffering from injuries received from an automobile accident, . . . . that her injuries were such that it is a question whether she will be permanently lame as a result of the injuries; that the crisis in her condition and the time in which her condition was most serious was the 25th, 26th and 27th of May, 1918; that by reason thereby affiant had been, and more particularly on the dates mentioned, was under considerable mental strain and worry and was unable to give the proper time and attention to business as he would have if such condition had not prevailed; that such crisis occurred just when the time for filing the answer in the above-entitled case expired and affiant makes this affidavit and offers this further information as further grounds for the failure to file the said answer within the required time."

No counter-affidavits were filed. On the third day of July, 1918, the court entered an order vacating the judgment and setting aside the default. The appeal is from the order.

The assignment of error is that the court abused its discretion in holding the showing sufficient and in vacating the judgment and setting aside the default. We are of the

opinion that this case falls clearly within the principle and rule announced in *Hall v. Whittier*, 20 Ida. 120, 116 Pac. 1031, cited with approval in *Humphreys v. Idaho Gold Mines etc. Co.*, 21 Ida. 126, at 135, 120 Pac. 823, 40 L. R. A., N. S., 817, to the effect that where the showing fails to present any fact which can appeal to the discretion of the court, it is an abuse of the trial court's discretion, and is error to vacate a judgment and set aside a default. No reason is given in either of the affidavits for not filing the answer within the time allowed by the court. From the first affidavit the inference is that counsel for respondent did not intend to file any answer in the cause until he should receive a redrafted answer from McCrea. The fact that affiant was busy with Red Cross work on the twenty-seventh day of May, 1918, even if material, would not excuse his neglect in failing to file the answer which had been in his possession for ten days. The same observation would apply equally to what he sets forth in his affidavit respecting the condition of his wife, but the statement in the affidavit upon this point does not show that he could not have filed the answer within the proper time. Nor has affiant stated in either of his affidavits that his failure to file the answer within the time was occasioned by or was the necessary result of any of the facts stated. We are of the opinion that the affidavits do not set forth any facts which would enable the court to exercise its discretion, and therefore the court erred in vacating the judgment and setting aside the default.

The order is therefore reversed. Costs are awarded to appellant.

Morgan, C. J., and Rice, J., concur.

(February 9, 1921.)

ON PETITION FOR REHEARING.

BUDGE, J.—A petition for rehearing was filed. Upon consideration of the same the court is of the opinion that it

does not present any matters which were not considered and decided in the opinion heretofore filed.

The showing in support of the motion to vacate the judgment failed to set forth any facts which would justify the exercise of judicial discretion by the trial court in vacating the judgment.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.