FRANCIS LOUIS ROBERTSON, Plaintiff, *v.* ELEANOR V. ROBERTSON, Defendant.

Supreme Court, Erie County, April 12, 1927.

Husband and wife — divorce — court, after refusing divorce, directed submission of further proof — without notice to defendant, plaintiff amended complaint and obtained decree — fact that defendant withdrew her answer at original hearing did not preclude her from notice of subsequent proceedings — plaintiff's right to amend complaint, as to adultery committed after commencement of action, questioned — defendant should have opportunity to meet new issues — default opened.

An application to open a default in an action for divorce should be granted, where it appears that plaintiff and defendant appeared at the original hearing but the court, after refusing the plaintiff a divorce, directed the submission of further proof and that two years thereafter, without notice to defendant, plaintiff amended his complaint so as to include an allegation as to adultery subsequently committed and obtained his decree of divorce. The fact that the defendant withdrew her answer at the first hearing did not preclude her from notice of subsequent proceedings, where it appears that the withdrawal of her answer was coupled with certain arrangements and agreements between the parties as to property and as to the custody of children; that the court would not permit the agreements to be spread upon the court's minutes; and that the defendant had good reasons for desiring to be in court in order to see that nothing was done to violate the agreements.

Whether or not plaintiff had the right to amend his complaint to secure his divorce upon the ground of adultery committed after the commencement of the action and after the original hearing in court, it seems that the court, in the exercise of discretion, should give the defendant an opportunity to meet plaintiff's charges of adultery.

MOTION by defendant to open default in action for divorce.

*John S. Knibloe,* for the plaintiff.

*George S. Buck* [*Dean Hyland* of counsel], for the defendant.

CROSBY, J.   Plaintiff brought this action for divorce.   His attorney was Mr. Madden.   Defendant served an answer.   Her attorney was Mr. Freedman.   The parties and their respective attorneys appeared in equity court on May 27, 1924, and defendant withdrew her answer, her attorney stating to the court that certain property arrangements and an agreement as to the custody of the child of the marriage had been reached by the parties.   The court declined to permit the parties to place their agreements upon the minutes of the court, and proceeded to hear the testimony of plaintiff's witnesses.   After hearing the testimony the court refused to grant a divorce and held the case open for further proofs.

Nearly two years thereafter, and on April 29, 1926, plaintiff appeared in equity court before the same justice and with his present attorney and amended his complaint so as to allege adultery of the defendant committed subsequently to the first hearing, and, upon proof of that offense, secured a divorce.   Defendant moves to open the default.   Defendant had no notice of the substitution of Mr. Knibloe in place of Mr. Madden as plaintiff's attorney, nor notice of the amendment to the complaint, nor notice of the hearing on April 29, 1926.   It is claimed by defendant that having appeared in the case (by answer) she was entitled to notice of these proceedings.   Plaintiff claims that since the defendant's answer was the only means by which she ever appeared she disappeared from the case by withdrawing her answer, and was not entitled to notice of subsequent proceedings in the case.   No New York case in point has been cited by either side to throw light on this question.   Authorities in various sister States have been cited by defendant to support her contention; but, on account of the difference in rules of practice and pleading in those States, the authorities are not very satisfactory.

Even if defendant's claim be untenable — that she, after withdrawal of her answer, was still in the case so as to be entitled to notice of all proceedings taken by plaintiff — still there were peculiar reasons here why she should have had notice of a further hearing. Her attorney had stated in open court that the withdrawal of her answer was coupled with certain arrangements and agreements between the parties as to property and as to the custody of the child of the marriage, and defendant had good reasons for wanting to be in court to see that nothing was done to violate those agree-

ments; especially in view of the fact that the court would not permit the agreements to be spread upon the court's minutes.

Another vital question arises as to plaintiff's right to amend his complaint and secure his divorce upon the ground of adultery committed after the commencement of the action and even after the original hearing in court. *Faas* v. *Faas* (57 App. Div. 611) and *Campbell* v. *Campbell* (69 id. 435) are authorities for the proposition that the complaint could not be amended so as to set up adultery committed subsequently to the commencement of the action. Whether or not the present practice rules will permit such procedure, it seems to me that in the exercise of the court's discretion the defendant ought to have an opportunity to meet these new charges. Even had she never appeared in the case at all she had a right to rely upon the complaint as presenting the only charges against her.

Before closing this memorandum it might be well to cite some of the cases throwing some light upon the interesting question whether or not a withdrawal of an answer withdraws the defendant's appearance from the case, where the answer was the only means by which the appearance was accomplished. There is a dearth of cases directly upon this point, but the following have been studied: *Eldred* v. *Bank* (17 Wall. 545); *Nichells* v. *Nichells* (5 N. D. 125; 33 L. R. A. 515. See elaborate footnote and cases cited therein, 519 *et seq*.); *Herbert* v. *Lawrence* (18 N. Y. Supp. 95). (See, also, 4 C. J. 1372, § 73, n. 24, and cases there cited.)

The motion to open the default is granted, without costs.