## WESTERN UNION TELEGRAPH CO. v. DISMANG.

### No. 1855.

Circuit Court of Appeals, Tenth Circuit.
Aug. 30, 1939.

Richard K. Bridges and Bridges & Parry, all of Tulsa, Okl., for appellant.

Font L. Allen and Lawrence Mills, both of Tulsa, Okl., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

Florence Dismang[1] was struck by a bicycle ridden by a boy about 15 years of age alleged to be a messenger of the West-

[5] United States ex rel. Brown v. Hill, 3 Cir., 74 F.2d 822; Rohr v. Hudspeth, 10 Cir., 105 F.2d 747, decided July 17, 1939.

[1] Hereinafter referred to as plaintiff.

ern Union Telegraph Company[2] and brought this action against the Telegraph Company to recover damages for the resultant personal injuries. The action was commenced in the district court of Tulsa County, Oklahoma, and was duly removed to the federal court. At the close of the evidence the Telegraph Company moved for a directed verdict and for judgment on the ground that the evidence was insufficient to support a verdict and judgment for plaintiff. The court reserved its decision on the motion, submitted the case to the jury subject to its opinion on the question reserved, and received from the jury a verdict for the plaintiff.

Thereafter, the trial judge rendered a written opinion on the motion in which he held that the plaintiff had failed to establish that the boy was acting within the scope of his employment at the time of the accident, and concluded that the motion should have been sustained. The closing sentence of the opinion reads: "Therefore, the verdict is set aside and judgment entered for the defendant." D.C., 24 F.Supp. 782, 786. The opinion was filed in the cause and the clerk pursuant to the direction of the court entered the following order on the docket: "Enter order motion of defendant for directed verdict sustained. Verdict of jury set aside and judgment entered for the defendant. Exceptions allowed plaintiff."

Thereafter, the plaintiff in open court requested the court to dismiss the cause without prejudice and the court entered the following order:

"It is, therefore, ordered that plaintiff be, and is hereby permitted to dismiss said cause without prejudice upon the payment of court costs within twenty days from this date.

"And it further appearing to the court that in pursuance of the opinion heretofore filed in said cause, the clerk entered upon the appearance docket of said court a minute showing that the motion of said defendant had been sustained and judgment rendered for the defendant. It is ordered that said judgment be set aside and held for naught."

From the latter order, the Telegraph Company has appealed.

Section 2 of the Okl.Stat.1931, 12 Okl.St.Ann. § 2, provides: "The common law * * * shall remain in force in aid of the general Statutes of Oklahoma * * *." The practice followed by the trial court in reserving decision on the motion was proper. See Baltimore & Carolina Line v. Redman, 295 U.S. 654, 55 S. Ct. 890, 79 L.Ed. 1636. Furthermore, the trial court was also authorized by Rule 50, Sec. (b), 28 U.S.C.A. following section 723c, to direct entry of judgment for the Telegraph Company.[3]

Rule 58 of the Rules of Civil Procedure in part provides:

"When the court directs the entry of a judgment that a party recover only money or costs or that there be no recovery, the clerk shall enter judgment forthwith upon receipt by him of the direction; but when the court directs entry of judgment for other relief, the judge shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk. The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment; and the judgment is not effective before such entry."

Rule 79(a) of the Rules of Civil Procedure in part reads:

"All * * * judgments shall be noted chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number."

The judgment is the pronouncement of the court from the bench. The clerk's entry is not the judgment, but merely the formal evidence thereof.[4] Under the new rules it is not necessary for the court to sign a formal written judgment. The en-

[2] Hereinafter referred to as the Telegraph Company.

[3] Rule 50, Sec. (b), of the Rules of Civil Procedure in part provides:

"Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict. * * * If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed."

[4] Continental Oil Co. v. Mulich, 10 Cir., 70 F.2d 521;

Foster v. Zerbst, 10 Cir., 92 F.2d 950, 951, 952;

Watkins v. Merry, 10 Cir., 106 F.2d 360, decided August 14, 1939.

try is made by the clerk in the performance of a ministerial duty. Here, the entry was made by the clerk pursuant to Rules 58 and 79(a), supra.

Section 418, O.S.1931, 12 Okl.St.Ann. § 683, in part provides:

"An action may be dismissed, without prejudice to a future action:

"First, By the plaintiff, before the final submission of the case to the jury, or to the court, where the trial is by the court. * * *"

In Toombs v. Cummings, 151 Okl. 166, 3 P.2d 177, the court said:

"An action cannot be dismissed after the final submission of the case to the court or jury, and after judgment has been rendered, except by consent of all parties interested."

See, also, Sizemore v. Dill, 93 Okl. 176, 220 P. 352.

Rule 41(a) of the Rules of Civil Procedure in part provides:

"* * * an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service of the answer * * * Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

■ Whether the Oklahoma statute or Federal Rule 41 is controlling we need not decide. Neither accords the right to dismiss without prejudice after judgment.[5]

Hence, the real question presented is whether the court abused its discretion in vacating the judgment. Plaintiff made no showing that on a second trial she would be able to establish that the messenger boy was acting within the scope of his employment at the time of the accident. Nor did she in anywise excuse her failure to present such evidence, if available, at the trial below. There is nothing to indicate that the trial court did not continue to adhere to the views expressed in its written opinion respecting the motion for a directed verdict and for judgment; nor does the plaintiff challenge the correctness of the ruling thereon. It is apparent that the trial court set aside the judgment solely for the purpose of restoring the proceeding to a status where the plaintiff might effectually move to dismiss without prejudice.

■■ An application to open, vacate, or set aside a judgment is within the sound legal discretion of the trial court and its action will not be disturbed by an appellate court except for a clear abuse of discretion.[6] It is an abuse of discretion, however, to open or vacate a judgment where the moving party shows no legal ground therefor or offers no excuse for his own negligence or default.[7] Here, the plaintiff wholly failed to plead or establish any ground for vacating the judgment.

We conclude that the trial court in entering the order appealed from abused its discretion.

The order is reversed and the cause remanded with instructions to enter judgment for the Telegraph Company.

[5] Ball v. Trenholm, D.C., 45 F. 588, 589;

Mauney Bros. v. Long, 91 N.C. 170, 172;

Offenstein v. Gehner, 223 Mo. 318, 122 S.W. 715, 716;

Todd v. Todd, 7 S.D. 174, 63 N.W. 777, 778;

Isaacs v. Fletcher American Nat. Bank, Ind.App., 178 N.E. 451;

Picabia v. Everad, 4 How.Pr. 113;

Mohler v. Wiltberger, 74 Ill. 163.

[6] In re Rochester Sanitarium & Baths Co., 2 Cir., 222 F. 22, 26;

Coggeshall v. United States, 4 Cir., 95 F.2d 986, 989;

Bush v. Bush, 61 App.D.C. 357, 63 F.2d 134, 135;

Silver Peak Gold Min. Co. v. Harris, C.C., 116 F. 439, 440.

[7] Armstrong v. Hartford Fire Ins. Co., 33 Idaho 303, 195 P. 301;

McClure v. Clarke, 94 Minn. 37, 101 N.W. 951;

Murray v. Willoughby, 133 Ga. 514, 66 S.E. 267;

Squires v. Meade Co., 59 S.D. 293, 239 N.W. 747;

Moody v. Reichow, 38 Wash. 303, 80 P. 461, 462;

Scilley v. Babcock, 39 Mont. 536, 104 P. 677;

Martin v. De Loge, 15 Mont. 343, 39 P. 312;

Marthaler Machine & E. Co. v. Meyers, 173 Minn. 606, 218 N.W. 127;

Mougey v. Miller, 41 N.D. 81, 169 N.W. 735;

Milwaukee Mut. L. & B. Soc. v. Jagodzinski, 84 Wis. 35, 54 N.W. 102.

See, also, Bordeno v. Guber, 108 Kan. 587, 196 P. 232;

Kravetz v. Lipofsky, Mass., 200 N.E. 865, 868.