## MARC A. UPTON v. ROSA LEVY.

FILED FEBRUARY 8, 1894.   No. 5184.

1. **Findings of Fact:** REVIEW.   It is a settled rule of this court that the finding of fact made by a jury or trial judge will not be disturbed if supported by competent evidence.

2. **New Trial:** NEWLY-DISCOVERED EVIDENCE.   A new trial will not be granted a litigant on the ground of newly-discovered evidence when it appears that such evidence was not produced at the trial of the case because the litigant had forgotten its existence.

3. **False Representations:** DECEIT: COUNTER-CLAIM: PLEADING.   To maintain a counter-claim for damages for false representations, the defendant must allege and prove (1) what representations were made; (2) that they were false; (3) that the defendant believed the representations to be true; (4) that he relied and acted on them; (5) and that he was thereby injured.

ERROR from the district court of Douglas county.   Tried below before CLARKSON, J.

*B. G. Burbank,* for plaintiff in error.

*Slabaugh, Lane & Rush, contra.*

RAGAN, C.

Rosa Levy sued Marc A. Upton in the district court of Douglas county and for cause of action alleged: That on April 27, 1887, in consideration of a thousand dollars then paid him, Upton sold and conveyed to her by warranty deed an undivided one-half of lot 11, block 77, in South Omaha, Nebraska; that said deed contained a covenant that he, Upton, was lawfully seized of said premises, that he had good right and lawful authority to sell the same, and that he would forever warrant and defend the title to the said premises to the said Rosa Levy, her assigns, against the claims of all persons whomsoever.   She alleged a

breach or failure of said covenant and that she had been, by legal process, dispossessed of said premises by the owner of the paramount title thereto.

The answer of Upton, so far as material to this opinion, was in the nature of a plea of confession and avoidance and counter-claim. It alleged that one Jacob Levy was the husband and agent of Rosa Levy, and that about March 10, 1887, Jacob informed him, Upton, that said real estate could be purchased at a low price and proposed that he, Jacob and Upton, buy the same, each to own one-half; that shortly after that Jacob came again to Upton in company with one William Jones, and Jacob then stated to Upton that Jones owned said premises; that Upton purchased said premises for $2,000, paying $1,000 cash and giving a mortgage thereon for $1,000, took the title to the real estate in his own name, one-half, however, he held in trust for Jacob, to be conveyed to him when he should furnish his one-half of the cash payment; that on the 27th day of April, 1887, Jacob paid Upton the $500 and he made a deed for one-half the property to Jacob's wife, at his request, the conveyance being subject to the thousand dollar mortgage thereon, the payment of one-half of which Jacob's wife assumed; that said Jones did not own said real estate, as Jacob represented and knew, but had long before conveyed and given actual possession of it to one Lipp; that Jacob made such representations, knowing them to be false, and for the fraudulent purpose of cheating and defrauding him, Upton, and by them he had been damaged $500 paid for the land, $300 attorney's fees paid in defending the title against Lipp, and $1,000 he had paid on the note given as part purchase money for the premises. The prayer was that Mrs. Levy's suit might be dismissed and Upton be given judgment against her for $1,800.

Mrs. Levy's reply was a general denial of the allegations of the new matter in this answer.

The case was tried to a jury on the issues presented by

these pleadings, and a verdict returned in favor of Mrs. Levy for $687.50. The court overruled a motion for a new trial, rendered a judgment on the jury's finding, and Upton brings the case here for review.

The errors alleged here for a reversal of the judgment are three:

1. That the evidence does not support the verdict rendered. The questions of fact litigated before the jury were whether Jacob made the representations as to Jones' ownership of the lots, and whether Jacob or his wife, Rosa, was the real owner of the property conveyed by Upton to Rosa Levy. The burden was on Upton to establish these allegations of his answer. A careful study of the evidence fails to convince us that the jury's findings are wrong. There was a sharp conflict in the testimony on all the issues. The weight to be given the evidence and the credibility to be given the witnesses, the law has confided to the jury, and there is ample evidence in the record, if believed by the jury, to support their verdict; and we cannot say that the jury erred in believing certain witnesses and certain statements and in not believing other witnesses and other statements. It is a settled rule of this court that the finding of fact, made by a jury or trial court, will not be disturbed if supported by competent evidence.

2. The second error alleged by Upton is that the court erred in overruling his motion for a new trial asked for on the grounds of newly-discovered evidence. The evidence which Upton claims is newly discovered is a check dated March 24, 1887, for $150, drawn on the Merchants National Bank by one Dr. Hoffman, payable to the order of J. Levy, and indorsed by the latter. Upton claims that Jacob Levy borrowed the money represented by this check from Hoffman, and paid it to him, Upton, as a part of the five hundred dollars which Upton swears Jacob was to and did pay him as the cash consideration for the conveyance of the property to Mrs. Levy. The excuse offered by Mr.

Upton for not producing this check at the trial is that, owing to the number of business transactions in which he was engaged during the year 1887, he forgot the circumstance of its existence and the memorandum made by him of its receipt and payment.    There is one sufficient reason why the court did not err in giving Mr. Upton a new trial on account of this evidence, viz.: It does not appear that this evidence could not have been discovered and produced at the trial, if Mr. Upton had exercised reasonable diligence.    This suit was brought April, 1889, and the trial occurred in October, 1890.   If courts should grant litigants new trials in order to enable them to produce evidence which they had forgotten existed, there would be few final judgments rendered.    Another item of evidence which Mr. Upton claims was newly discovered, and on which he asks a new trial, is that one Freyhan will now swear that Jacob told him, Freyhan, that he, Jacob, owned a one-half interest in the property and that the other one-half could be purchased from Mr. Upton for one hundred dollars; that Freyhan, as agent for one Altschuler, advanced Jacob the one hundred dollars, and he went to Mr. Upton and purchased his interest in the property for Altschuler, and that Freyhan subsequently finding the title bad went to Upton and demanded and received back the one hundred dollars.    Mr. Upton certainly knew this, if true, and no valid reason is shown for not producing it at the trial.

3.  The third error alleged is the giving to the jury by the court the following instruction: "Should you be satisfied by a preponderance of the evidence that Jacob Levy was plaintiff's agent; that by false and fraudulent representations, knowing them to be false, or by fraudulent concealment of the facts within his knowledge and unknown to defendant," etc.   The fault found with this instruction is that by it the court limited Mrs. Levy's liability for the fraudulent representations of her agent, Jacob, to such false

representations as he made, knowing them to be false.    We do not determine whether this instruction was right or not. Mr. Upton is in no position to complain of it.    He pleaded that the representations made by Jacob were false and fraudulent and at the time known by Jacob to be so, and tendered that issue to the jury by his evidence.    Again, the answer or counter-claim of Mr. Upton does not allege that he believed or relied on the alleged false statements made by Jacob, and furthermore, although Mr. Upton testified in his own behalf at the trial, yet there is in the record no statement of his that he believed or relied and acted upon the alleged false representations which he says were made to him by Jacob.    Mr. Upton then, by his counter-claim, did not state a cause of action against Mrs. Levy, nor by his evidence did he prove one. (*Stetson v. Riggs,* 37 Neb., 797; *Runge v. Brown,* 23 Neb., 817.)

The judgment of the district court is right and the same is in all things

AFFIRMED.