WILLIAM F. LORENZEN ET AL. v. KANSAS CITY INVESTMENT COMPANY.

FILED FEBRUARY 20, 1895.   No. 5646.

1. **Deceit**: FALSE REPRESENTATIONS: INJURY. In an action in the nature of an action of deceit, it is necessary not only to show the making of false representations justifiably relied upon, but in addition it must be made directly and not by conjecture to appear that, from such false representations and reliance upon them, there resulted a direct and actual loss to plaintiff.

2. ———: EVIDENCE. The evidence and petition in this case reviewed, and *held* to have justified an instruction to find for the defendant.

ERROR from the district court of Douglas county. Tried below before DOANE, J.

The facts are stated by the commissioner.

*E. J. Cornish,* for plaintiffs in error:

If there is any evidence to support a verdict, it is error to direct the jury to find for the defendant. (*Johnson v. Missouri P. R. Co.,* 18 Neb., 690.)

The petition was modeled after the petition sustained in *Booker v. Puyear,* 27 Neb., 346.

A *prima facie* case of conspiracy was proved, although for the purposes of this trial it was not necessary to be proved. (*Booker v. Puyear,* 27 Neb., 346.)

Promises which the promisor does not intend to fulfill at the time of making them, and upon which another has relied to his damage, are fraudulent. (*Oldham v. Bentley*, 6 B. Mon. [Ky.], 430; *Nichols v. Pinner*, 18 N. Y., 306; *Johnson v. Monell*, 2 Keys [N. Y.], 663; *Schufeldt v. Schnitzler*, 21 Hun [N. Y.], 462; *Burrill v. Stevens*, 73 Me., 395; *Rawdon v. Blatchford*, 1 Sandf. Ch. [N. Y.], 344; *Durel v. Haley*, 1 Paige Ch. [N. Y.], 492.)

The representation of a fact in the future, and not a mere promise, which has been acted upon and turns out to be false, will entitle the injured party to the same remedies as fraudulent misrepresentations of an existing fact. (*Abbott v. Abbott*, 18 Neb., 504, and cases cited; *Henderson v. San Antonio & M. G. R. Co.*, 17 Tex., 560.)

It is not necessary, to sustain an action for deceit, that the defendant should be benefited by the deceit, or that he should collude with the person who received the benefit. (*Haycraft v. Creasy*, 2 East [Eng.], 92; *Russell v. Clarke*, 7 Cranch [U. S.], 69; *Upton v. Vail*, 6 Johns. [N. Y.], 181; *Patten v. Gurney*, 17 Mass., 182; *Medbury v. Watson*, 6 Met. [Mass.], 246; *Ewin v. Calhoun*, 7 Vt., 79; *Hubbard v. Briggs*, 31 N. Y., 529.)

The Kansas City Investment Company is bound by the acts of its agent. (*Olmstead v. New England Mortgage Security Co.*, 11 Neb., 487; *Cheney v. White*, 5 Neb., 261; *Cheney v. Woodruff*, 6 Neb., 151; *Cheney v. Eberhardt*, 8 Neb., 423; *Wilson v. Beardsley*, 20 Neb., 451; *McKeighan v. Hopkins*, 19 Neb., 38; *Gerhardt v. Boatmans Saving Institution*, 38 Mo., 60; *Henderson v. San Antonio & M. G. R. Co.*, 17 Tex., 560; *Locke v. Stearns*, 1 Met. [Mass.], 560; *Griswold v. Haven*, 25 N. Y., 595; *Johnson v. Barber*, 5 Gilman [Ill.], 425.)

Slight evidence of collusion is sufficient to let in proof of acts and declarations of co-conspirators. (*Brown v. Herr*, 21 Neb., 125; *Turnbull v. Boggs*, 43 N. W. Rep. [Mich.], 1050.)

*Cook & Gossett* and *McCoy & Olmstead, contra.*

Ryan, C.

This action was brought in the Douglas county district court by plaintiffs in error against Alfred Lindblom, Nels O. Brown, and the Kansas City Investment Company for the recovery of damages to the amount of $16,000. It was charged in the petition that the defendants entered into a conspiracy having for its object the cheating and defrauding of plaintiffs, and obtaining the title to and the possession of certain real property owned by plaintiffs without paying therefor. The manner in which it was charged that this was undertaken was that to Alfred Lindblom was procured to be sold the property for $16,000, of which sum $4,000 was to be paid in cash, the balance to be evidenced by his notes, secured by a mortgage back on the property sold him; that by fraudulent representations as to the financial responsibility of Nels O. Brown, for whom Alfred Lindblom was the *alter ego,* the plaintiffs were induced to make the proposed sale and consent to have their mortgage security postponed to that of the Kansas City Investment Company. From the record before us it is not made to appear why the Kansas City Investment Company is made the sole defendant in error, but from the brief of plaintiffs in error it appears that a judgment had been rendered against the other defendants before the rendition of the judgment involved in this proceeding. The part which the Kansas City Investment Company was charged with taking in the above alleged scheme was that said company, by its agent, represented and induced plaintiffs to believe that Nels O. Brown was worth $50,000 to $75,000 in his own right; that Lindblom was in his employ, and that Brown and Lindblom had $4,000 in cash to make the above required payment; that the said investment company would loan Brown and Lindblom $21,000,

secured by first mortgage on the property to be conveyed, the proceeds of which loan would be paid by the investment company itself for labor and material to be used in the construction of eight buildings on the lots to be sold Lindblom and Brown; that said investment company further represented that it had taken a good bond which would fully guard against the filing of mechanic's liens against said property when it should be acquired and improved by Lindblom and Brown, and that said investment company agreed that it would see that the application of the proceeds of the loan should be made as above contemplated, and that if the work should not be done according to contract said investment company, upon being notified of that fact by Lindblom and Brown, would withhold further payments until the work should be properly done. It was further alleged that the investment company represented to plaintiffs that Brown and Lindblom were practical carpenters and themselves would do a large part of the work, and that said houses, when completed, would be worth $21,000. Plaintiffs averred that they relied upon these representations whereby they were induced to convey the lots which they owned to Lindblom; that the cash payment of $4,000 was made with a part of the loan advanced for that purpose by the investment company; that both Brown and Lindblom were insolvent; that the payments made of the amount loaned were not applied on material furnished or labor done; that upon notice that the work was not being done according to contract the investment company did not so require it to be done; that all the material used did not cost in excess of $3,800, for which amount a lien had been filed, and that the value of the real estate was $16,000. In general, it was further averred that the investment company had in every respect refused to perform its undertakings, and that by reason thereof and of its false representations the plaintiffs had been damaged in the sum for which judgment was prayed. Is-

sues were duly joined on all the material allegations of the petition, and after the introduction of all the evidence the jury were instructed to find in favor of the defendant in error. From a judgment rendered on this verdict, error proceedings have been prosecuted to this court.

The evidence showed that the terms of the intended sale were arranged between plaintiffs and Lindblom and Brown in the latter part of August, 1889; that the first interview between plaintiffs and the investment company took place on September 10 thereafter; that in this interview it was disclosed by the investment company that it proposed to make a loan of $21,000, secured by first mortgages on the property owned by plaintiffs after it should have been conveyed to the other parties; that a bond had been taken by said company to indemnify it against the filing of mechanics' liens; that Mr. Lorenzen read this bond; that he asked the agent of the investment company if it was intended to furnish the $4,000 to make the cash payment required to induce plaintiffs to convey, and the answer of this agent not being satisfactory Mr. Lorenzen stated to the agent that the sale would not be consummated upon the required cash payment being made in that way. A party who had bargained for the same real property as is now under consideration before plaintiffs agreed to convey to Lindblom, and who had procured the substitution of Lindblom and Brown for himself, after the above conversation, procured a written statement from the agent of the investment company addressed to himself, that the said company would advance upon the proposed loan the sum of $4,800 whenever the mortgages in its favor were made the first recorded liens on the property to be conveyed. The purpose for which this statement was procured was not disclosed to the investment company or its agent, but the party who received it borrowed $4,000 on the faith of it, and with that $4,000 Lindblom and Brown made the cash payment required to satisfy plaintiffs to close up the trade. Afterward, without

the slightest intention of doing wrong, and indeed without knowledge of the purpose for which the aforesaid statement had been procured, or used, the investment company paid the sum of $4,800 as it had indicated that it would, and this enabled the bank to obtain payment of the aforesaid loan. On the trial we have not been able to find that any proof was made of the value of the real property at that time. It was, however, admitted that there had been obtained decrees of foreclosure on the several mortgages which secured the aggregate loan made by the investment company in the United States circuit court for the district of Nebraska, and that a motion to open said decrees was pending when this trial was had. There had, therefore, taken place no judicial sale which would have afforded evidence that the security held by plaintiffs for their deferred payments were of no value. This suit against the defendant in error was in the nature of an action for deceit. The end sought by the false representations as charged was the procuring of plaintiffs to part with their real property upon insufficient security for the payment of the purchase price. The fact that the security so obtained to be accepted was inadequate was an element indispensable to the establishment of an actual loss sustained. As the proofs stood when the case was submitted to the jury, there had been no conspiracy shown, neither had there been proved a single fact tending to connect the investment company with any fraud or misrepresentation. When we take into account the further fact that there had been no affirmative showing that the plaintiffs would not be able to collect the entire amount of their claim by a foreclosure sale of the mortgaged premises, we conclude that the district court properly directed a verdict in favor of the defendant. Its judgment is therefore

AFFIRMED.