LOUIS POSKA ET AL. V. EDGAR G. STEARNS.

FILED NOVEMBER 3, 1898. No. 8412.

Sales: COMMERCIAL AGENCIES: FALSE STATEMENTS: RESCISSION. Where a proposed buyer of goods, upon the request of a commercial agency, made a statement of his own financial condition, and the agency thereupon reported to the proposed seller its own conclusions as to such financial condition, including what purported to be one fact stated by the proposed buyer, a sale made on the faith of the report as a whole, and not particularly on the faith of the one statement made by the proposed buyer, cannot be rescinded merely because the said statement was false.

ERROR from the district court of Lancaster county. Tried below before HALL, J. *Reversed.*

*Sawyer, Snell & Frost,* for plaintiffs in error.

*George E. Hibner* and *Davis, Hibner & Whitmore, contra.*

RYAN, C.

In this case the certified transcript of the record shows that there was filed originally a petition in which the plaintiff was described as "Edgar G. Stearns, doing business under name and style of E. G. Stearns & Co.," and the affidavit and bond in replevin described the plaintiff in the same way; hence we cannot assume, as we are asked to do because of recitations in the bill of exceptions of amendments permitted to be made during the trial, that the original plaintiff was other than as above described. As the clerk of the district court has solemnly attested with his seal of office the condition of the petition when filed, we must accept that condition as established beyond question.

It is urged that there was error in refusing to sustain objections orally made to certain depositions when the same were about to be read to the jury. The ground of these objections was that in taking them postponements from day to day had occurred, and that there was no justification shown for these delays. It is possible, as suggested, that the officer who takes depositions in a foreign state may unreasonably keep in attendance a party or his attorney desiring to cross-examine a witness, but the remedy for this, if any there is, is not upon objections to the deposition when about to be read to the jury. It is provided by section 390, Code of Civil Procedure: "No exception other than for incompetency or irrelevancy shall be regarded unless made and filed before the commencement of the trial." The objections as made were properly overruled.

This action was one of replevin in the district court of Lancaster county and was for the recovery of goods sold by plaintiff, a merchant doing business in Chicago, Illi-

nois, to L. Berkson, a retail merchant doing business in Lincoln, Nebraska. The defendants other than L. Berkson were made such because of their claims of liens upon the goods under L. Berkson. The goods had been delivered to L. Berkson at Lincoln when this action was begun, and the recovery of the right possession of them was predicated upon the claim that the sale had been induced by certain false and fraudulent representations of L. Berkson relied upon by plaintiff. These representations were communicated to plaintiff by the R. G. Dun & Co. mercantile agency in this language:

"L. Berkson, D. G. & Notions.

"LINCOLN, NEB., July 8, 1893.

"Think his stock would invoice fully $12,000; insured for $10,000 and says $1,200 would pay his entire indebtedness. Is doing a fair business, which is managed economically and with some profit. Has been here a good many years and no complaints are heard of him in any way. His stock is largely of cheaper variety and would suffer heavy shrinkage on forced sale. Is generally conceded a net worth of 4 to $5,000, this estimate allowing liberally for shrinkage in stock. Prospects thought fair:"

The R. G. Dun & Co. mercantile agency, at the date of above memorandum, was represented at Lincoln by Frank Blish. When the order was sent into Chicago for the goods wished by L. Berkson, plaintiff applied to R. G. Dun & Co. for a special report upon the financial standing of said Berkson, and Blish was requested to make it to said agency. He went to Berkson and, as he himself admitted, obtained from Berkson only a part of the data upon which his report was founded. An examination of the report itself discloses that there was no pretense therein that Berkson had made the statements therein embodied, except that he estimated that $1,200 would pay his entire indebtedness. Even this was contradicted in Berkson's testimony and by that of his nephew. For the purposes of this case, however, it may

be conceded that Blish was correct in his version of what Berkson said to him. When this written statement above copied was offered in evidence objections were interposed and overruled, to which ruling the defendants excepted. In the further progress of the trial there was evidence that Berkson, at the date of said statement, was owing more than five times the amount stated as his entire indebtedness. Russel M. Foltz, who described himself in his deposition as the credit-man and office manager of E. G. Stearns & Co., testified that E. G. Stearns & Co., in extending credit to L. Berkson, relied solely on the report of R. G. Dun & Co.; that he looked over that report, and from that decided that L. Berkson was entitled to have the merchandise he had ordered shipped to him. This reliance was, therefore, upon all the statements of the report and not specially upon that portion containing what purported to be the statement of Mr. Berkson himself. In the admission of this statement in evidence we think there was error, for, according to the testimony adduced by plaintiff, he might have been entirely influenced by that portion of the report which contained the views of Mr. Blish, for which there is no pretense that Mr. Berkson was responsible.

A case much resembling that at bar in its facts was reported in *Wachsmuth v. Martini*, 39 N. E. Rep. [Ill.] 129, and sustains the view we take of the law as applied to this case. (See, also, *Runge v. Brown*, 23 Neb. 817, *Upton v. Levy*, 39 Neb. 331, *Kilpatrick Koch Dry Goods Co. v. McPheely*, 37 Neb. 800, and *Lorenzen v. Kansas City Investment Co.*, 44 Neb. 99.) The instructions of the court given, and the rulings on those of defendants requested, were in harmony with the theory upon which the report of R. G. Dun & Co. was admitted in evidence. For the error indicated the judgment of the district court is reversed and the cause is remanded for further proceedings not inconsistent with the views above expressed.

REVERSED AND REMANDED.