L. BERKSON ET AL. V. MEYER HELDMAN ET AL.

FILED MAY 17, 1899.  No. 8895.

Sales: COMMERCIAL AGENCIES: FALSE STATEMENT OF SELLER: RESCISSION. A sale of goods made on the faith of the entire report of a commercial agency as to the financial standing of the proposed buyer, and not particularly in reliance of a statement made by him to the agency, cannot be rescinded because such statement was false and untrue. *Poska v. Stearns,* 56 Neb. 541, followed.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J. *Reversed.*

*Sawyer & Snell* and *J. E. Philpott,* for plaintiffs in error.

*V. H. Stone* and *Coffin & Stone, contra.*

NORVAL, J.

Four actions of replevin were brought in the district court of Lancaster county against L. Berkson, Lewis Poska, Sol Berkson, Charles H. Dell, German National Bank, and H. Simmons Gregory Dry Goods Company, in one of which Meyer Heldman and others were plaintiffs and in each of the other three causes Julius Bamberger and others, Isaac Steppacher and others, and Katz-Nevins Company, respectively, were plaintiffs. Each action was to recover certain goods sold by the plaintiffs therein to the defendant L. Berkson, a retail merchant at Lincoln, which sale, it was claimed, was induced by certain false and fraudulent representations made by the purchaser, set forth in the petition for replevin, whereby the right to rescind the sale is asserted. The causes were tried together in the lower court, in each a separate judgment was entered against the defendants, and a separate bill of exceptions was settled and allowed. The defendants have brought the causes here for review, filing separate transcripts in this court. It is disclosed that the goods in controversy, after they had been sold by the several plaintiffs to L. Berkson, were mortgaged by the purchaser to the other defendants and possession of the property was taken by the mortgagees. The mortgages are not assailed, but the question presented for consideration is whether the vendors were entitled to rescind the sale on the ground of fraud in the purchase, and to recover the property from the mortgagees. The evidence adduced on the trial tends to show that Berkson made certain false representations as regards his financial standing to the R. G. Dun & Co. Commercial Agency, and the latter made a report or statement concerning the same to the several plaintiffs as follows: "Berkson, L., D. G. & Notions, Lincoln, Neb., July 8, 1893. Thinks the stock would invoice fully $12,-000, insured $10,000, and $1,200 would pay his entire indebtedness. Is doing a fair business, which is managed

economically and with some profit. Has been here a good many years, and no complaints are heard of him in any way. His stock is largely of cheaper variety, and would suffer heavy shrinkage on forced sale. Is generally conceded a net worth of $4,000 to $5,000, this estimate allowing liberally for shrinkage in stock. Prospects thought fair." In making the sales to Berkson the several plaintiffs relied upon the foregoing statement or report, and the right to a rescission is predicated thereon. This report of the commercial agency was before the court in *Poska v. Stearns*, 56 Neb. 541, where it was held that a sale made on the faith of such report as an entirety, and not particularly on the strength of the statement made by Berkson to the commercial agency, could not be rescinded merely because such statement was false and untrue. With reference to said report, in the case just mentioned, we said "that there was no pretense that Berkson had made the statements therein embodied, except that he estimated that $1,200 would pay his entire indebtedness." This observation is equally applicable to the cases now before the court, and yet the several plaintiffs relied upon the truthfulness of the report as a whole, while it only purported to include the statement by the purchaser of a single fact. Under the rule announced in *Poska v. Stearns, supra,* the sales could not be rescinded on the ground of fraud. It is unnecessary to review the evidence. It must suffice to say that it establishes beyond controversy that the several plaintiffs, in making the sales to Berkson, relied exclusively upon the said report of his financial standing by the R. G. Dun & Co. Commercial Agency. It is true in the case of Isaac Steppacher and others against Berkson the trial court made a finding as to certain false representations made by Berkson to Max Sallinger, the traveling salesman of said plaintiffs, but there is no competent evidence which we have been able to discover in the record which tends to show that either Mr. Sallinger, or the firm he represented, relied on such statements. The cases are

governed by the decision in *Poska v. Stearns, supra,* and for the reasons stated in the opinion filed therein the judgments are

REVERSED.