H. M. COLLINS, *Appellee*, v. THOMAS BELFORD et al., Partners, etc., *Appellants*.

No. 18,007.

SYLLABUS BY THE COURT.

1. REAL-ESTATE AGENTS — *Contract to Divide Commissions — Consideration Therefor*. An agreement between two real-estate agents to divide commissions, in pursuance of which one produces customers and the other makes sales to them and receives the commissions, rests upon a sufficient consideration and should be enforced.

2. NEW TRIAL—*Newly Discovered Evidence*. A decision denying a motion for a new trial based upon newly discovered evidence is sustained upon the authority of *Sexton v. Lamb*, 27 Kan. 432, and *Shores v. Surety Co.*, 84 Kan. 592, 114 Pac. 1062.

Appeal from Sumner district court. Opinion filed March 8, 1913. Affirmed.

*F. A. Dinsmoor,* of Caldwell, and *James Lawrence,* of Wellington, for the appellants.

*W. T. McBride,* of Wellington, for the appellee.

The opinion of the court was delivered by

BENSON, J.:   The parties are real-estate agents at Caldwell, and this action is to enforce an agreement for the division of commissions on sales of land made by the defendants to customers who had been introduced to them by the plaintiff, in whose favor the verdict was rendered.

The principal contention of the defendants is that the evidence does not sustain the verdict.   Briefly stated, the evidence on the part of the plaintiff tended to prove that a person from Harper county, in quest of land, called at the plaintiff's office.   He said that his brother-in-law was coming in a short time from Ohio, and that each of them wanted to buy a farm in the vicinity of Renfrow, Okla., which is about nine miles from Caldwell.   Lists of lands in that vicinity and a map were shown.   Two farms were selected which it was thought would be satisfactory, and a proposal was made to show them.   This offer, however, was declined, awaiting the arrival of the brother-in-law.   In a few days the same person called again with his brother-in-law.   They wanted to examine the farms referred to in the first interview, but were informed that they had been sold.   Other farms were then pointed out on the lists, located in Kansas, but the intending purchasers declined to look at them as they desired to buy land near Renfrow.   The plaintiff then took the two men in his automobile to Mr. Belford of the defendant firm, who was at the reunion grounds near the city, and had a conversation with him, but not in the presence of the intending purchasers.   The plaintiff introduced them after the conversation.   The purport of the conversation was that the plaintiff said he had two customers desirous of buying farms near

Renfrow that he would turn over to Belford, and. wanted him to take them out and make sales if he had land that would suit them, and that the plaintiff would expect to receive half the commission, to which proposition Belford assented, and requested the plaintiff to· take the men back to his office and await his (Belford's) arrival. They were so taken back, and in a short time Belford came to the plaintiff's office and found. one of the men there and the other at. a barber shop, and took them to Renfrow, and sold each of them a. farm in that vicinity, receiving net commissions upon the two sales amounting to about .$1500. Evidence· was also offered tending to prove that Belford, soon after the sale, stated to another party that he had. made the sales, but that Collins had furnished the men, and he had to split commissions with him. Other trans-- actions had previously taken place between the parties. in which commissions upon sales made by one of them. had been divided with the other.

The defendants denied any agreement to divide com-- missions, and offered evidence tending to support the denial, conflicting with that of the plaintiff.

Upon this conflict of evidence the finding of the jury· for the plaintiff, approved by the district court, is. conclusive. The fact being thus established that the plaintiff produced the purchasers, upon the promise of· Belford to divide commissions, there was a sufficient. consideration for the agreement.

Error is alleged in overruling a motion for a new· trial based upon newly discovered evidence. The evi-- dence was that of two witnesses, one of whom testified at the hearing upon the motion that he was present at the reunion grounds and heard the conversation between Collins and Belford. He gave a version of· that conversation tending to corroborate that given by Belford and to contradict that given ·by Collins, but differing in some respects from the testimony of either. He testified that Collins said that he had cus--

tomers who wanted to look at land in Oklahoma, and asked Belford to show them such land, but that nothing was said about splitting commissions. The testimony of the other witness was not offered, but the plaintiff's affidavit stated that it would be the same. These witnesses were friends and acquaintances of the defendant, living in or near Caldwell.

An objection is made that the proposed evidence is merely cumulative. It is not necessary to discuss that question, in view of other objections thereto. The only reason suggested for not producing the witnesses at the trial was the failure of Belford to remember that they were present at the conversation. Whether mere failure of recollection is a sufficient explanation may be doubted. It has been held that it is not and does not meet the requirement of diligence. (*Moran v. Abbey,* 63 Cal. 56; *Upton v. Levy,* 39 Neb. 331, 58 N. W. 95.)

Not only was the showing of diligence meager, but it is by no means apparent that the proposed new evidence was of such character and strength that it would with reasonable probability have compelled a different verdict if it had been introduced. A finding to that effect was necessary in order to sustain the motion. (*Sexton v. Lamb,* 27 Kan. 432; *Railway Co. v. Mosher,* 76 Kan. 599, 606, 92 Pac. 554; *Shores v. Surety Co.,* 84 Kan. 592, 114 Pac. 1062.)

The district court heard the oral examination of one of the witnesses and the testimony of the plaintiff on the motion, and the finding against the sufficiency of the application will not be disturbed.

The judgment is affirmed.