No. 19,627.

J. F. DUGGAN, *Appellee,* V. THE MISSOURI PACIFIC RAILWAY
COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*Motion for New Trial—Filed Too Late—"Un-avoidably Prevented."* Except for newly discovered evidence a motion for a new trial must be filed within three days after the rendition of the verdict or decision unless "unavoidably prevented," and a party who alleges that he did not learn and by due diligence could not have · learned within three days after the verdict of certain misconduct of the jury in the trial of the case upon which he bases an application for a new trial is not unavoidably prevented from filing the motion within the meaning of the statutory limitation.

2. SAME—*Motion of Defendant for Judgment Properly Denied.* Upon an examination of the special findings and admitted facts it is held that the defendant was not entitled to have judgment rendered in its favor.

Appeal from Bourbon district court; CHARLES E. HULETT, judge. Opinion filed July 10, 1915. Affirmed in part and reversed in part.

*B. P. Waggener, W. P. Waggener, A. E. Crane,* all of Atchison, and *W. W. Padgett,* of Fort Scott, for the appellant.

*J. I. Sheppard,* and *J. G. Sheppard,* both of Fort Scott, for the appellee; *A. M. Keene,* of Fort Scott, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action J. F. Duggan sought to recover damages under the federal employer's liability acts from The Missouri Pacific Railway Company for personal injuries. On October 4, 1913, Duggan was employed by the defendant as a head brakeman on extra freight train No. 424, and was injured when that train collided, head-on, with extra freight train No. 475. Duggan was thrown from the steps on the side of the engine and tender down a steep embankment, and suffered injuries and loss of time for which he asked damages in the sum of $6162. It appears that while at Cornell, Kan., the conductor of train No. 424 was ordered to meet train No. 475 at Godfrey. Instead of personally delivering the order to the engineer and reading it to him the conductor read the order to

plaintiff and told him to hand it to the engineer. Plaintiff did so, but does not know whether or not the engineer ever read the order. When train No. 424 came to Godfrey plaintiff was riding in the engine cab on the fireman's seat, and he then told the engineer that his understanding of the order was that they were to meet train No. 475 at that point. The engineer, how-ever, claimed such was not the case, and continued on toward Fort Scott. When near that city and on a descending grade about one mile from the station the collision occurred. The rules of the company providing that the brakeman should be on the top of trains when on descending grades, that the orders should be delivered personally by the conductor to the engineer and read to him, and, in plaintiff's behalf, that a brakeman when riding on the engine was under the control of the engineman, were introduced in evidence. Defendant's de-murrer to plaintiff's evidence was overruled, and on February 7, 1914, the jury returned a verdict in plaintiff's favor for $1000. Defendant moved for judgment on the answers to the special questions returned by the jury, but the motion was denied. Within the proper time plaintiff moved for a new trial on several grounds, and on March 14, 1914, he filed his motion to amend his motion for a new trial by adding the ground of misconduct of the jury, and this motion was allowed. On June 6, 1914, the court sustained the amended motion for a new trial on the ground of misconduct of the jury and over-ruled it as to all other grounds. From the adverse rulings de-fendant appeals.

Complaint is made that the court erred in permitting the amendment of the motion for a new trial and in allowing the motion on the added ground. Six grounds for a new trial were alleged in the original motion, but misconduct of the jury was not one of them. More than a month after the return of the verdict leave was asked and obtained to amend the motion and add the new ground of misconduct of the jury. The miscon-duct was the statement of a juror in the jury room that he had learned from an attorney that when a demurrer to plain-tiff's evidence was submitted the court was about to uphold it and throw the case out of court, and jurors who were voting for an award of $6000 voted for $1000. In accounting for the filing of the amended motion more than three days after the verdict it was stated in an affidavit of plaintiff's attorney that

the misconduct of the jury was unknown to the plaintiff or to his attorney when the original motion for a new trial was filed, nor until after the statutory period of three days had expired, and further, that they could not by due diligence have discovered it at an earlier time. The motion was sustained, as we have seen, on the added ground of misconduct of the jury, and overruled as to all the other grounds alleged in the motion. If the amended motion was not filed in time it was a nullity, and the action of the court in allowing the motion for a new trial must be reversed. The section of the code limiting the time for filing motions for new trials reads:

"The application for a new trial, except for the cause of newly discovered evidence, must be made by written motion stating the grounds therefor, filed within three days after the verdict or decision is rendered, unless unavoidably prevented. Such motion may be heard and decided by the judge at chambers on reasonable notice to the parties." (Civ. Code, § 306.)

The grounds alleged in the original motion having been overruled the amended motion is to be treated as if it was the original one, and as the ground alleged therein was not newly discovered evidence the motion was filed too late unless the plaintiff was unavoidably prevented from filing it within the three-day period. The plaintiff insists that he was unavoidably prevented from filing the motion on the new ground within the prescribed time because he had not then learned that there had been misconduct of the jury and could not by due diligence have ascertained it. What is meant by the term "unavoidably prevented?" The phrase can hardly be the equivalent of what is called an act of God, but it can hardly be less than some obstacle or hindrance which a party can not overcome by the reasonable exercise of his powers and the use of means that are available to him. It has been held that the adjournment of the court on the next day after the decision was rendered was not an unavoidable cause for delay beyond the three-day period. (*Pratt v. Kelley,* 24 Kan. 111.) It has also been decided that the pendency of a motion for judgment on the special findings affords no excuse for delaying the filing of a motion for a new trial within the prescribed time. (*Clement v. Hartzell,* 60 Kan. 317, 56 Pac. 504.) In *Mercer v. Ringer,* 40 Kan. 189, 19 Pac. 670, a party prepared his motion for a new trial and mailed it to the clerk of the district court on

the third day after the decision of the court, but as it did not reach the post office until seven p. m. of the last day the clerk did not call for or file it until the fourth day, and it was held that the movant was not unavoidably prevented from filing it within the prescribed time. It is the view of the court that an unavoidable cause within the meaning of the code is not the lack of information of a party as to facts in the case which may be learned by inquiry, but is some such hindrance as prevented the filing of the motion in *Fudge v. St. L. & S. F. Rly. Co.*, 31 Kan. 146, 1 Pac. 141. There the attorney charged with the duty of filing the motion was unable to reach the court and to file his motion by reason of high water which interrupted travel. Likewise it might be regarded as an unavoidable prevention if a party placed his motion in the mail in good time and it was not received because of a storm, a railway accident or some interruption of the mails for which the party was in no way responsible. A delay might be regarded as unavoidable if the movant or his counsel had been stricken with an illness which prevented the filing of the motion within three days after the verdict or decision. The prevention, however, can not be regarded as unavoidable merely because the party is unaware of the facts in the case or the existence of a ground for a new trial which could have been ascertained by an inquiry. The misconduct in the jury room was known to a number of people, and the plaintiff could have learned of it within the time fixed by the code for the filing of his motion for a new trial. In a Nebraska case based on a somewhat similar statute a party claimed the right to file a motion for a new trial after the prescribed time because an attorney upon whom he had relied to file the motion had failed to do so, and the court ruled that he was not unavoidably prevented within the meaning of the statute, the court holding the delay or the prevention referred to was some circumstance which was beyond the control of the party desiring to file the motion. (*Roggencamp v. Dobbs*, 15 Neb. 620, 20 N. W. 100.) It must therefore be held that the motion for a new trial was a nullity and that the allowance of it was error.

It is further contended that upon the facts admitted and found judgment should have been given in favor of the defendant. This contention is based upon the theory that the collision

and injury was the result of plaintiff's negligence. The conductor, as we have seen, handed to plaintiff the train order to be delivered to the engineer when the rules required that the conductor should personally deliver the order to the engineer, and read it to him at the time of delivery. It appears that the conductor read the order to the plaintiff or told him that they were ordered to meet a train at Godfrey, and he in turn handed it to the engineer. When the train moved on and as they approached Godfrey the plaintiff, who was riding in the cab of the engine, observed that they did not slow down, and remarked to the fireman that he understood the conductor to say we would meet a train here. The fireman asked the engineer if that was the order and he replied that it was not. Plaintiff then asked the engineer if he was sure that they were not to meet the train at Godfrey, and he replied that he was sure of it. They ran on and met the southbound train on a descending grade near Fort Scott. Plaintiff says that he had not read the order, and when the engineer insisted that they were not to pass the train at Godfrey, and further, when the conductor did not "pull the air" he concluded that he was mistaken as to the nature of the order. Besides, there is a rule of the company that a brakeman when riding in the cab must obey the instructions of the engineer in all matters relating to the protection of the train. The conductor of the train was, of course, negligent in failing to deliver and read the train order to the engineer, and the engineer was likewise negligent in failing to correctly read and interpret it. The plaintiff participated in the violation of the rule when he carried the order to the engineer at the direction of the conductor. Although the brakeman was under the direction of the conductor the plaintiff was acquainted with the rule requiring the conductor to personally deliver train orders to the engineer and that they should be read by one to the other. The conductor is required to have the brakeman on the top of the train before arriving at and in passing stations as well as on ascending and descending grades, and it appears that the train was on a descending grade and that the plaintiff was in the cab at the time of the accident. He knew they were on a grade, but it does not appear that the conductor had given any order or requested that he should take his place on the top of the train at this time. The plaintiff

is chargeable with negligence in carrying the train order to the engineer although it was required of him by his superior officer. However, it was no more than contributory negligence, which may diminish but does not preclude a recovery. The action is brought under the federal employers' liability acts, which, in effect, provide that contributory negligence is not a defense but may be shown in mitigation of damages, and where it exists the amount of recovery is diminished in proportion to the negligence attributable to the employee. No error was committed in denying the motion for judgment on the findings.

It follows that the judgment of the district court granting a new trial must be reversed and the cause remanded with directions to enter judgment on the general verdict returned by the jury.

JOHNSTON, C. J. (dissenting) : I am of opinion that within the meaning of the statute the plaintiff was unavoidably prevented from filing the motion within three days after the return of the verdict and, therefore, that the order granting a new trial should be upheld. The prevention is as unavoidable where the plaintiff had not learned and could not by due diligence have learned of the misconduct within three days as if he had been deprived of the opportunity to file the motion within that time on account of sickness, or interruption of travel, or the failure of the postal facilities. The lack of information which he could not by due diligence acquire is an obstacle as unavoidable as the lack of physical power to prepare the motion and hand it to the clerk. Would it not be regarded to be unavoidable if the attorney fraudulently omitted to file the motion until after three days and the party who relied on him to do so did not learn of his treachery until after that time? Or if a party should not learn until the fourth day that the jury had been corrupted by the opposing party should the delay not be regarded as unavoidable when he applied for a new trial as soon as he discovered the fraud? The plaintiff was not warranted in alleging misconduct of the jury unless he had reason to believe that it had occurred, and if he could not by the ordinary means available or by reasonable diligence learn of the ground his delay in alleging it appears to me to

be unavoidable. It appears to be the policy of the law to allow a motion for a new trial more than three days after the verdict or decision wherever the party was prevented from filing it within that time by any unavoidable circumstance. I think the judgment granting a new trial should be affirmed.