No. 22,771.

J. M. Wilson and R. L. Wilson, Partners as the Wilson Realty Company, *Appellees,* v. Horace Jones, *Appellant.*

### SYLLABUS BY THE COURT.

Motion to Set Aside Judgment—*Defendant Wholly in Default.* The proceedings examined, and *held,* the court did not abuse its discretion in refusing to set aside a judgment regularly rendered against the defendant, who, though personally served, did not plead or appear.

Appeal from Saline district court; Dallas Grover, judge. Opinion filed July 10, 1920. Affirmed.

*H. C. Tobey,* of Salina, for the appellant.
*David Ritchie,* of Salina, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The appeal was taken from an order of the district court refusing to set aside a judgment, the journal entry of which reads in part as follows:

"The plaintiff shows to the court and the court finds that the defendant has been duly and personally served with summons in the above-entitled cause, and that he has failed to answer, demur, or otherwise plead herein, and is in default.

"Thereupon the said plaintiff waived a jury, and presented his evidence to the court, and after hearing the evidence, and the court being fully advised in the premises, finds that the said defendant is justly indebted to said plaintiff in the sum of $575, upon the cause of action set out in the plaintiff's petition."

The defendant was served on April 14. The answer day was May 14. The judgment was rendered on May 31. On June 7 the defendant filed his motion to set aside the judgment, and tendered an answer.

The suit was one for a real-estate agent's commission. The tendered answer was that the plaintiffs were not the defendant's agents, and that the sale of his land was made by another person as his agent, who had been paid a commission. After the defendant was served he moved to another county. After removal he mailed the summons to the agent whom he recognizes, with a letter requesting the agent to see that a defense was interposed. The defendant filed an affidavit that the request was based on a previous arrangement with the agent that, if a suit of this kind were brought, the agent would secure counsel for the defendant and see that a defense was interposed. The affidavit contains this statement:

"Affiant has been informed and believes the fact to be that Eberhardt received such letter in due course of mail."

The agent was not called as a witness, and his testimony was not taken.

The application is based on the provision of the civil code authorizing the granting of a new trial for unavoidable casualty or misfortune preventing a party from prosecuting or defending (Civ. Code, § 596, Gen. Stat. 1915, § 7500). In the case of *Welch v. Challen,* 31 Kan. 696, 3 Pac. 314, the syllabus reads as follows:

"Where the plaintiff resides in Kansas and the defendants reside in another state, and the defendants employ an attorney in Kansas to file an answer and to attend to the case, but the attorney never files such answer, but before the time for filing the same has expired, leaves the state of Kansas and never returns, and no answer is ever filed in the case, and after more than four months have elapsed after the defendants have made default by not filing an answer, a judgment is rendered by default, in favor of the plaintiff and against the defendants, in accordance with the prayer of the plaintiff's petition, and the defendants have no knowledge of the negligence of their attorney, or of the rendition of such judgment, until a long time after both have occurred, and the attorney is insolvent, and the defendants have a good defense to the action, *held*, that neither the negligence of the attorney nor his insolvency, nor the defendants' want of knowledge, nor all combined, can be considered such an 'unavoidable casualty or misfortune preventing the party from prosecuting or defending' the action, that the defendants may have the judgment vacated under section 568 of the civil code, and they be let in to defend."

District courts are usually quite liberal in vacating judgments taken in the absence of a party who is in default, with or without imposition of terms as circumstances may suggest, because the result is simply a full investigation of the controversy on its merits; but they are not obliged to ignore gross negligence, and they are entitled to be assured that justice will be best subserved by another trial. In this instance the plaintiff was negligent in any event, and he was entitled to no favor at all, unless his agent were guilty of misconduct or inattention amounting to that. The showing in that respect was too meager and indefinite. Doubtless the court was impressed by the defendant's failure to call the agent as a witness, and by a few questions clear up the whole matter, and show that a fair probability existed the ends of justice had not been attained.

The defendant says casualty and misfortune may result from negligence, which is true; but in this case there was nothing but negligence. The defendant cites the case of *Sanders, Adm'x v. Hall*, 37 Kan. 271, 15 Pac. 197. In that case the defendant was guilty of no laches, and was misled by a statement of the trial judge in regard to the course the proceeding would take. The defendant also cites the case of *Patterson v. Oil Co.*, 101 Kan. 40, 165 Pac. 661. In that case the defendant's attorney relied on what he understood to be a custom whereby he would be notified of the setting of his case for trial, and he was

ready to attend on receipt of notice by telephone or telegraph. It was held he was negligent, and his negligence would be imputed to his client; but because of the peculiar character and importance of the case, the slight showing made by the successful party at the trial, and some other matters indicated in the opinion rather than expressed, this court was convinced the case required further consideration.

In this instance the court is not able to say that the district court abused its authority, and its judgment is affirmed.