No. 22,514.

R. J. TERWILLIGER, *Appellant,* v. MARY L. McCORKLE, *Appellee.*

### SYLLABUS BY THE COURT.

1. CONTRACT—*Finding of Fact Supported by Evidence.* The questioned finding of fact was supported by evidence.

2. SAME—*Cancellation of Written Contract—Evidence—No Forfeiture of Contract.* A petition asking that a written contract for the sale of real property be canceled on the ground that the contract was not intended to be binding on the parties to it cannot be sustained by showing that all rights under the contract have been forfeited by non-compliance with its conditions, where no forfeiture has been declared and none is alleged.

3. NEW TRIAL—*Newly-discovered Evidence—No Diligence Shown.* A new trial should not be granted on the ground of newly-discovered evidence except when the party complaining shows that he exercised

due diligence to produce that evidence. Diligence is not shown where the evidence on the application for a new trial establishes that the party knew of the witness and could have ascertained what his testimony would have been by making inquiry, but that he made no inquiry and did not have the witness subpœnaed.

Appeal from Seward district court; CHARLES E. VANCE, judge. Opinion filed March 12, 1921. Affirmed.

*E. C. Wilcox*, of Anthony, and *Fred S. Macy*, of Liberal, for the appellant.

*G. W. Sawyer, H. A. Gaskill,* and *John C. King,* all of Liberal, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: By this action the plaintiff seeks to cancel a contract for the conveyance of real property. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The court made special findings of fact and conclusions of law as follows:

"FINDINGS OF FACT.

"1. That on the 27th day of February, 1917, the plaintiff and defendant entered into a contract, a copy of which is attached to the petition.

"2. That at the time of the execution of said contract, the defendant paid to the plaintiff thereon the sum of three hundred dollars by surrendering to the plaintiff a check which had been formally [formerly] given to her by the plaintiff in payment of an obligation theretofore existing.

"3. That after the execution of the contract the defendant entered into the possession of the property, but after remaining in possession a short time was forcibly ejected by the agent of the plaintiff.

"4. That no part of the consideration of said contract, except the three hundred dollars paid upon the execution thereof has ever been paid.

"CONCLUSIONS OF LAW.

"The contract mentioned in finding No. 1, was and is a valid and legal contract.

"Because of the repudiation of the contract by the plaintiff by the institution of this suit, the defendant was relieved of any forfeiture thereof by reason of any failure on her part to make the payment of the balance of the three hundred dollars."

1. One contention is that the second finding of fact was not supported by evidence. The evidence concerning the fact set

out in that finding was conflicting. The petition alleged, and the evidence introduced on the part of the plaintiff tended to prove, that it was the intention of the parties that the contract should never take effect; that the property should never be conveyed; and that the contract had been signed for the purpose of enabling the defendant to get possession of the property for the plaintiff. That evidence was inadmissible for the reason that it contradicted, altered, and changed the terms of the written contract. (*Fontron v. Kruse*, 103 Kan. 32, 38, 172 Pac. 1007; *Artwein v. Link*, ante, p. 393, 395, 195 Pac. 877.)

The evidence introduced on behalf of the defendant supported the second finding and may be briefly summarized as follows: The plaintiff and the defendant entered into a written contract of partnership to engage in the real-estate business. In a short time, the contract proved unsatisfactory to the plaintiff, who desired that a new one be signed. That was done, but as a consideration for changing the contract, the plaintiff gave to the defendant certain interest in real property in Stevens county and a check for $300. Afterward, the contract that is sought to be canceled in this action was made, and the $300 check was accepted by the plaintiff as part payment on the real estate described in that contract. The relations between the parties proved unsatisfactory and a settlement was effected. On the last contract of partnership, the following indorsement was made at the time of settlement:

"April 4, 1917.

"Received of R. J. Terwilliger, $750, which is in full settlement of all claims against said R. J. Terwilliger, and any and all contracts or commissions of any nature whatsoever. (Signed) Mary L. McCorkle."

The evidence of the defendant and some of the cross-examination of the plaintiff tended to show that this receipt applied only to the matters embraced within the contract on which it was written, and did not refer to, nor intend to embrace anything contained in the contract which the plaintiff seeks to cancel. Ignoring the evidence tending to support the contention of the plaintiff, as must be done in determining this question, it cannot be said that the second finding of fact was not supported by evidence.

2. Another contention is that "the judgment of the court is not supported by the evidence." To support this contention, the plaintiff argues "that the contract provided that the pur-

chaser should pay the taxes on the premises regularly and should pay each of the installments punctually, time was made the essence thereof, and a failure to comply therewith was ground for forfeiture," and that "the right of possession was immediately conferred upon the plaintiff."

The contract provided that the defendant should pay all—

"Taxes and assessments as may hereafter become due on said premises, including the taxes for the year 19——, and in case of the failure of the purchaser to pay all such taxes and assessments before the time when the same may become delinquent according to law, then it shall be optional with the grantor to pay the same and any penalty attached; and the amount so paid shall thereafter draw ten per cent per annum interest and shall with the interest, be added to the amount which the purchaser is required and agrees to pay to the grantor under this contract."

The contract further provided that—

"In case the purchaser shall fail to make the payments aforesaid or any of them punctually, as above mentioned, or shall fail to perform and complete each and all of the purchaser's agreements and stipulations aforesaid, strictly and literally, without failure or default, then this contract, so far as it may bind said grantor, shall become utterly null and void, and all rights and interests hereby created, or then existing, in favor of, or derived from, the purchaser, shall utterly cease and determine, and the right of possession, and all equitable and legal interests in said premises shall revert to and revest in said grantor without any rights of said purchaser of reclamation or compensation for the moneys paid or services performed, as absolutely, fully and perfectly, as if this contract had never been made.

"And it is further agreed that the said grantor shall have the right immediately upon the failure of the purchaser to comply with the stipulations of this contract to enter upon the land and premises aforesaid, and take immediate possession thereof, together with the improvements and appurtenances thereto belonging. And the said purchaser hereby covenants and agrees that the purchaser will thereupon surrender to the grantor the said land and premises and appurtenances without delay or hindrance and that no court shall relieve the purchaser from the consequences of a failure to strictly comply with this contract."

The plaintiff paid all installments and taxes; the defendant paid none of them.

There was no allegation in the petition that the plaintiff had declared a forfeiture of the contract, nor that the defendant had forfeited her rights thereunder; and there was no evidence which tended to prove a forfeiture, except that the defendant had, through legal proceedings against the tenant, obtained possession of the property, and that afterward the plaintiff

forcibly took possession thereof. The petition was not drawn on the theory that the defendant's rights under the contract had been forfeited by her noncompliance therewith. The petition was drawn on the theory that the contract was not intended to be valid and binding. Evidence to show a forfeiture by noncompliance with the terms of the contract did not support the allegations of the petition. Even if the defendant had forfeited her rights under the contract, it was necessary that the forfeiture be declared by the plaintiff before his rights in the property could be restored (*King v. Seebeck,* 20 Idaho, 223; 13 C. J. 609.), and a forfeiture should have been alleged.

3. Two motions for a new trial were denied. One of the grounds of the last motion was newly-discovered evidence. A. D. Roberts was present when the contract in controversy was entered into between the plaintiff and the defendant and heard the negotiations between them. On the trial, the plaintiff testified that Roberts was present when the negotiations for the contract were going on. The plaintiff presented his affidavit on the hearing of the second motion for new trial. That affidavit contained the following:

"That he did not subpœna said A. D. Roberts as a witness in said case for the reason that he did not remember that said Roberts was present at the time of making the contract herein mentioned, and did not know that he could be of any use to him in the trial of said case; and not until after the case was over and the former motion for a new trial was overruled, did he learn of the facts which are contained in the affidavit of said Roberts and then learned the same from said Roberts."

The affidavit of Roberts was also filed. In that affidavit, he stated—

"That I positively know that there was not included in the consideration of the contract between Mrs. McCorkle and Mr. Terwilliger, a check for $300 or for any amount; that the $300 mentioned as having been ' paid in that contract as the first payment was not paid in any way by Mrs. McCorkle to Mr. Terwilliger, and it was distinctly understood between Mrs. McCorkle and Mr. Terwilliger, at that time, that there was nothing paid on the property by her, either by check or account or in any other manner. I heard the whole of the conversation between them regarding this contract."

The evidence of the plaintiff on the trial and the affidavits filed by him showed conclusively that, at the time the contract was made, he knew that Roberts was present; but it appeared that the plaintiff did not remember that fact before the trial,

nor after, until Roberts spoke to the plaintiff about the matter. The evidence was not newly discovered; the plaintiff knew that Roberts was present. Lapse of memory on the part of the plaintiff was no excuse for his not having Roberts subpœnaed to testify. The plaintiff's faulty memory was his misfortune, and the court was justified in refusing a new trial. The plaintiff exercised no diligence whatever. (*Swartzel and others v. Rogers,* 3 Kan. 374; *The State v. McCool,* 34 Kan. 617, 9 Pac. 745; *Thisler v. Miller,* 53 Kan. 515, 36 Pac. 1060; *Stove Co. v. Galland,* 6 Kan. App. 833.)

The judgment is affirmed.