No. 23,051.

W. T. BORDENO, *Appellee*, v. MRS. A. M. GUBER and F. H. GUBER, *Appellants*.

### SYLLABUS BY THE COURT.

1. JUDGMENT BY DEFAULT—*Motion to Set Aside Judgment Properly Denied.* Under the facts stated in the opinion it was not error to deny the defendants' motion to set aside the judgment and grant a new trial.

2. SAME. The rule is followed, that a court is not required or authorized to set aside judgments for the mere accommodation of parties.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed March 12, 1921. Affirmed.

*J. L. Smalley,* of Kansas City, for the appellants.

*James L. Hogin,* and *Roy R. Hubbard,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

WEST, J.: August 8, 1919, the plaintiff filed his petition asking judgment on a promissory note against the makers, Mr. and Mrs. Guber. The answer day was September 8. A day or two before this Mr. Meek, an attorney, called Mr. Hogin, defendants' counsel, and said in substance that Guber was at his office and desired to employ J. L. Smalley to represent him in the action, but that Mr. Smalley was out of the city and would be for a few days, and requested that no judgment be taken because of any default the defendants might make in the next few days, whereupon Mr. Hogin said he would be glad to wait a few days for Mr. Smalley's return. No appearance was made, no pleadings filed, nothing further said, and on October 27 the plaintiff took judgment by default. November 29, a motion to vacate the judgment and for a new trial was filed which was by the court heard and overruled on the 28th of February. From this ruling this appeal was taken.

The one question presented is whether or not the trial court committed error in overruling the motion. An affidavit was filed in its support in which Mr. Guber swore:

"That these defendants believe that they have a full and complete answer and defense to the cause of action set up in the plaintiff's petition herein filed, . . . they believe that the note sued on herein has been fully paid and satisfied."

Other affidavits were to the effect that Mr. Smalley did not return from his fishing trip until about November 5, and that Mr. Hogin had heard nothing from the other side when the judgment was taken.

It is argued that the motion not having been filed within three days, the court should not have heard it. But we suppose the motion was really one to vacate the judgment and permit the defendants to answer on the theory that they had some defense. It would seem that they must have known whether the note was paid, but the most they would venture was the expression of a belief that it had been paid.

No showing of diligence, of accident, surprise, or newly discovered evidence was made, and about all the defendants can

Zeigler v. Manufacturing Co.

claim is that they requested the court to set the judgment aside and the request was not granted.

While new trials are favored, and it requires a strong showing to overturn an order granting one, still the courts are not required or authorized to act merely for the accommodation of parties who have failed to act for themselves in time. (*Mercer v. Ringer,* 40 Kan. 189, 19 Pac. 670; *Vail v. School District,* 86 Kan. 808, 122 Pac. 885; *Fisher v. Odell Township,* 87 Kan. 687, 125 Pac. 61; *Collins v. Belford,* 89 Kan. 92, 130 Pac. 662; *Duggan v. Railway Co.,* 96 Kan. 249, 150 Pac. 557; *Schultz v. Stiner,* 97 Kan. 555, 155 Pac. 1073; *Gooden v. Lewis,* 101 Kan. 482, 167 Pac. 1133; *Wilson v. Jones,* 107 Kan. 365, 191 Pac. 580.)

No error was committed in denying the motion, and the ruling is sustained.