No. 31,829

THE AMERICAN STATE BANK OF HILL CITY, *Appellant*, v. MOLLIE RICHARDSON, *Appellee*.

(38 P. 2d 96)

Opinion filed December 8, 1934.

*W. L. Sayers,* of Hill City, for the appellant.

*A. W. Relihan* and *T. D. Relihan,* both of Smith Center, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is from a ruling of the district court granting a new trial on account of newly discovered evidence. The ruling was made in a new and separate action under R. S. 60-3005, which provides for cases where the evidence for a new trial could not, with reasonable diligence, have been discovered before, but is discovered after the term at which the decision was rendered and more than three days after the decision was made. The newly discovered evidence was that tending to show forgery, and the main contention under the assignments of error is whether or not reasonable diligence was shown in learning about or discovering such evidence.

There is no dispute as to an acceptable definition of reasonable diligence. It is generally defined as due diligence, or that diligence which ordinary or prudent persons would exercise under like or similar circumstances.

The original action was commenced by the American State Bank of Hill City, against Ed Richardson and his wife, Mollie Richardson, on May 31, 1930, to recover on a note for $3,000, dated October 13, 1927, given to the Zurich State Bank of Zurich, and assigned to the American State Bank of Hill City, claimed by the bank to have been signed by both Richardsons. Personal service was had on both

husband and wife on May 31, 1930, and judgment by default was rendered against both of them on July 5, 1930.

This new action to obtain a new trial on account of newly discovered evidence was brought by Mollie Richardson against the American State Bank of Hill City, on October 6, 1930. The verified petition alleged in detail the recent discovery that the signature of Mollie Richardson to the note in question was not genuine, but a forgery, and it set forth the reasons for the delay in making such discovery and the efforts made by her to learn if it was genuine, both before and after the rendition of the judgment thereon. Her evidence on the trial before the judge sustained generally the allegations of her petition, and showed in substance that when she was served with summons on May 31, 1930, she asked her husband what note this was, and he told her it was one he and she had made back in 1927 to the Zurich bank, at which bank they had both done business, and from which he, about that time, had frequently borrowed large sums of money. She said she remembered having signed several notes, both large and small, with her husband about that time and earlier, and trusted his word and statement that this was one of such and for that reason filed no answer and made no defense. After the rendition of the judgment on July 5, 1930, she had a conversation with the deputy sheriff about the judgment and went to see the former president of the Zurich bank, which had shortly before that time gone into the hands of a receiver, and he advised her to see the receiver, who might be able to give her the information she wanted about the note. She saw the receiver and he told her he did not have the note, that it had been assigned to the American State Bank of Hill City, but he showed her a copy of it and they talked about whether the signature was genuine or not. She soon afterwards went to see the clerk of the district court, in which the judgment was rendered, and asked to see the note, and he replied he did not have it. Later, on September 8, 1930, the note in question was left with the clerk, and two days later she called and determined from an observation of the note that her signature was not genuine. On September 30, 1930, she verified her petition in the new action for a new trial on the ground of newly discovered evidence, and it was filed October 6, 1930.

The American bank answered, and in due time the trial court heard the evidence and granted a new trial, holding she had exercised reasonable diligence in discovering the new evidence, and later in

the original case, both parties being represented, the court set aside the judgment theretofore rendered against her and rendered judgment in that case in her favor for costs, from which rulings the bank appeals.

Appellant cites the following Kansas cases on this proposition: *Haughton v. Bilson,* 90 Kan. 360, 133 Pac. 722; *Terwilliger v. McCorkle,* 108 Kan. 480, 196 Pac. 618; and *Oswego Finance Co. v. Perkins,* 125 Kan. 687, 266 Pac. 47, all affirming the decisions of the trial courts in overruling such or similar motions or petitions for new trial on account of alleged newly discovered evidence, which the moving parties claimed they could not with reasonable diligence have discovered before the trial or judgment. The first case above cited concerned a survey of land and the ascertaining of the center of the section. The second was one where the party asking for a new trial on account of newly discovered evidence had known fully about a certain witness and his knowledge of the question in issue, but had entirely forgotten about it. The third case was where the landowner, being a nonresident, was served by publication notice in a foreclosure case.

Appellant insists that the wife in this case had at her command all the time the right to avail herself of the provisions of R. S. 60-2850 by making a demand upon the adverse party for an inspection of the note in its possession. Whether that privilege was such as an ordinary and prudent person would probably think of and do under similar circumstances is a matter which the trial court could properly consider in determining the question of whether or not she exercised reasonable diligence in the discovery that her signature to the note had been forged. It has generally been held that such matters as tend to show reasonable diligence or otherwise are largely in the discretion of the trial court, and a court of review seldom reverses a ruling granting a new trial where the trial court is persuaded reasonable diligence has been exercised, if there is sufficient evidence to support such conclusion and there has not been an abuse of judicial discretion.

In *City of Sedan v. Church,* 29 Kan. 190, it was said:

"Trial courts are invested with a very large and extended discretion in the granting of new trials; and new trials ought to be granted whenever, in the opinion of the trial court, the party asking for the new trial has not in all probability had a reasonably fair trial, and has not in all probability obtained or received substantial justice . . ." (Syl. ¶ 2.)

In *Wilson v. Jones,* 107 Kan. 365, 191 Pac. 580, it was said on page 367:

"District courts are usually quite liberal in vacating judgments taken in the absence of a party who is in default, with or without imposition of terms as circumstances may suggest, because the result is simply a full investigation of the controversy on its merits; but they are not obliged to ignore gross negligence, and they are entitled to be assured that justice will be best subserved by another trial."

The following are appropriate general statements in the text of Corpus Juris on this subject:

"Default judgments will be opened or vacated more readily than a judgment rendered after defendant has had his day in court and been heard in his own behalf, or one entered upon a confession of judgment. A real doubt should be resolved in favor of the application, as the law favors a disposition of cases on the merits. As a general rule, a default judgment should be opened where it was not caused by willfulness or neglect, and where a reasonable excuse and a meritorious defense are shown, and where plaintiff will not be unduly prejudiced by delay or otherwise." (34 C. J. 429.)

"Even if the motion for a new trial does not show sufficient diligence, the ends of justice may require granting a new trial." (46 C. J. 254.)

We agree with the trial court that the diligence exercised by the appellee under all the facts and circumstances was reasonable.

The judgment is affirmed.